(172 App. Div. 263)

### WILCOX et al. v. MEAHL, County Clerk, et al.

### OLMSTED et al. v. SAME.

(Supreme Court, Appellate Division, Fourth Department.　March 22, 1916.)

1. OFFICERS ☞11—CIVIL SERVICE REQUIREMENTS—CONSTITUTIONAL PROVISION.

　　Const. art. 5, § 9, providing that appointments in the civil service of the state and of all its civil divisions are to be made according to merit and fitness, to be ascertained, so far as practicable, through competitive examinations, is applicable to the appointment of special deputy county clerks for the county of Erie.

　　[Ed. Note.—For other cases, see Officers, Cent. Dig. § 13; Dec. Dig. ☞11.]

2. COUNTIES ☞196(3)—TAXPAYER'S ACTION—APPOINTMENT OF DEPUTIES.

　　Code Civ. Proc. § 1925, and General Municipal Law (Consol. Laws, c. 24) § 51, relating to actions by taxpayers, and Civil Service Law (Consol. Laws, c. 7) § 28, though relating only to county, town, city, and village officers, authorize an action by taxpayers to enjoin a county clerk from removing special deputy county clerks and appointing others in their place in disregard of civil service requirements, though under Const. art. 6, § 19, the county clerk becomes the clerk of the Supreme Court with respect to its activities within his county.

　　[Ed. Note.—For other cases, see Counties, Cent. Dig. § 308; Dec. Dig. ☞196(3).]

3. COUNTIES ☞196(4)—TAXPAYERS' ACTION—TIME FOR ACTION.

　　An action by taxpayers to enjoin a county clerk from removing special deputy county clerks and appointing others in disregard of civil service requirements is not premature, where the county clerk has publicly announced his intention to make the changes.

　　[Ed. Note.—For other cases, see Counties, Cent. Dig. § 308; Dec. Dig. ☞196(4).]

Appeal from Special Term, Erie County.

Action by Ansley Wilcox and another against John H. Meahl, individually and as County Clerk-elect of the County of Erie and another. From an order vacating and annulling an order vacating a preliminary injunction and reinstating the injunction in full force and effect from the time of its date and service, defendants appeal. Action by John B. Olmsted and another against the same defendants. From an order (158 N. Y. Supp. 1029) denying defendants' motion to vacate a temporary injunction, they appeal. Affirmed.

Argued before KRUSE, P. J., and FOOTE, LAMBERT, and MERRELL, JJ.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

John T. Ryan, Paul J. Batt, and Percy S. Lansdowne, all of Buffalo, for appellants.

Simon Fleischmann, of Buffalo (Basil H. Robillard, of Buffalo, of counsel), for respondents.

PER CURIAM. [1] We think the appointment of special deputy county clerks for the county of Erie is controlled by the provisions of section 9 of article 5 of the state Constitution, which provides that appointments in the civil service of the state and of all its civil divisions (of which a county is one) are to be made according to merit and fitness, to be ascertained, so far as practicable, through competitive examinations. The constitutional provision is quite sweeping and must be held to be applicable to these purely appointive positions in the office of the Erie county clerk. Appropriate legislation has been enacted to effectuate such constitutional provision, requiring compliance therewith by all public officers. The positions in question here have been duly classified in the competitive class, and the commissioners are prepared to examine applicants, and to certify such as may be shown qualified, to such vacancies as may from time to time occur.

[2] The defendant Meahl, having been duly elected county clerk of Erie county at the general election held in said county in November, 1915, made public announcement through the public press and otherwise that as soon as he was legally in a position to accomplish it he would remove certain of the special deputy county clerks theretofore serving as such and replace them with others of his personal choice, without regard, to their examination or certification under the Civil Service Law. These actions are brought by taxpayers to restrain such threatened action; the first action having been commenced December 31, 1915, just prior to the defendant Meahl's induction into office, and the other on January 1, 1916, immediately after his term of office commenced. A temporary injunction order was granted in each action restraining the threatened acts pending the determination of the issues. Subsequently the judge who granted such temporary injunctions vacated the same on the ex parte application of the defendants, and these motions were made and the order appealed from granted to reinstate said temporary injunctions.

While, ordinarily, in view of the possible early determination of the issues, we would be reluctant to interfere with restraining orders pending decision upon the merits, the threatened action of the county clerk so clearly contravenes the plain provisions of our fundamental and statute law that we deem it not inappropriate to make known our views in reviewing the orders appealed from. While the principle of reform in our civil service through restriction of appointments thereto from those found qualified upon competitive examination may not in practice prove universally satisfactory, yet such manner of selection of appointees has become the law of our state, and only through its consistent observance can its advantages be secured. No officer may be appointed in any civil division of the state (save certain exempt positions specifically mentioned, consideration of which is not im-

portant here), except from a list of qualified persons, certified to be such by the civil service commission after competitive examination.

The injunctions granted are attacked upon the ground that these actions are unauthorized, either by section 1925 of the Code of Civil Procedure, or by section 51 of the General Municipal Law (Consol. Laws, c. 24; Laws of 1909, c. 29) relating to actions by taxpayers, or by section 28 of the Civil Service Law (Consol. Laws, c. 7; Laws of 1909, c. 15). We think these statutes furnish authority for these actions. They relate only to county, town, city and village officers. The defendant Meahl insists that under section 19 of article 6 of the state Constitution he, as county clerk, becomes clerk of the Supreme Court with respect to that court's activities within his county, and that, therefore, he and his deputies are state officers and not subject to action on the part of taxpayers to restrain their illegal acts. While it is true that as a part of his official duty the Erie county clerk serves as clerk of a state court, and to that extent may be said to be a state officer, the threatened appointments would not be made in the capacity of clerk of the Supreme Court, but rather as clerk of the county of Erie, elected such by the votes of the electors of his county and having no jurisdiction beyond its precincts. As such county official we think he was clearly subject to the provisions of law relative to actions by taxpayers to restrain unlawful action on his part in the respect mentioned.

[3] Nor do we think these actions premature. The threatened illegal action of the defendant Meahl was so imminent as to call for prompt action to restrain its consummation. The orders reinstating the injunctions first granted were proper and should not be disturbed.

In each case, order affirmed, with $10 costs and disbursements.

DE ANGELIS, J., not sitting.