Queens, etc. (Supreme Court, Appellate Division, Second Department. February, 1916.) Clarence Edwards, Esq., Hon. Harrison S. Moore, and Eugene V. Daly, Esq., appointed commissioners.

In the matter of the application of the City of New York, etc., to acquire title to WASHINGTON AVENUE, etc., in the Borough of Queens. (Supreme Court, Appellate Division, Second Department. September 29, 1916.) Motion granted, and Emil A. Guenther, Esq., appointed in the place of Eugene V. Daly, Esq., resigned.

WASHINGTON SAVINGS BANK, Respt., v. TITLE & GUARANTEE CO. OF ROCHESTER et al., Applts. (two cases). (Supreme Court, Appellate Division, First Department. July 10, 1916.) Judgments affirmed, with costs. No opinions. Orders filed.

WATER SUPERVISION CO. v. DAVID SHALL. (Supreme Court, Appellate Division, First Department. October 13, 1916.) Application denied, with $10 costs. Order signed.

Katie WEINSTEIN, appellant, v. CITY OF NEW YORK, respondent. (Supreme Court, Appellate Division, Second Department. July 28, 1916.) Judgment reversed, and new trial granted, costs to abide the event, upon the ground that the ruling of the trial court at folios 367 and 368 was erroneous, to the manifest and substantial prejudice of the plaintiff. See Furst v. Second Avenue Railroad Co., 72 N. Y. 542. Carr, Stapleton, Mills, and Rich, JJ., concur. Jenks, P. J., dissents.

Malovinia E. WELSH, Respt., v. Henry B. WELSH, Applt. (Supreme Court, Appellate Division, First Department. October 13, 1916.) Order reversed, and motion denied. No opinion. Order filed.

Mary WHALEN and Ellen Whalen, as administratrices, etc., of Peter Quirk, deceased, respondents, v. NEW YORK, NEW HAVEN & HARTFORD RAILROAD COMPANY, appellant. (Supreme Court, Appellate Division, Second Department. July 28, 1916.) Order affirmed, with $10 costs and disbursements. Rule 36 of the general rules of practice is, by its express terms, applicable only after an issue of fact has been joined. Section 480 of the Code of Civil Procedure states the proper remedy. It is within the legitimate discretion of the Special Term to deny, upon the terms prescribed in the order, a motion made under that section. Jenks, P. J., and Thomas, Carr, Stapleton, and Putnam, JJ., concur.

Charles A. WHITE, as adm'r, etc., respt., v. INTERNATIONAL RAILWAY CO., applt. (Supreme Court, Appellate Division, Fourth Department. October 11, 1916.) Judgment and order affirmed, with costs. All concur.

Ansley WILCOX et al., respts., v. John H. MEAHL et al., applts. (Supreme Court, Appellate Division, Fourth Department. May 17, 1916.) Motion for leave to appeal (from judgment 160 N. Y. Supp. 708) to Court of Appeals granted, and question for review certified.

Henry WILDMAN, respondent, v. BROOKLYN HEIGHTS RAILROAD COMPANY, appellant. (Supreme Court, Appellate Division, Second Department. July 28, 1916.) Motion denied, on condition that appellant perfect the appeal, place the case on the September calendar of this court, and be ready for argument when reached; otherwise, motion granted, with $10 costs.

Matter of Joseph M. WILLIAMS, an attorney. (Supreme Court, Appellate Division, First Department. July 10, 1916.) Proceedings dismissed. Settle order on notice.

Mary A. WILLIAMS v. Sarah D. DONOVAN. (Supreme Court, Appellate Division, First Department. October 13, 1916.) Motion granted.

Henry WILLIS, as stockholder, etc., applt., v. CITY OF ROCHESTER, respt., and Rochester Electric Ry. Co., and one, applts. (Supreme Court, Appellate Division, Fourth Department. October 11, 1916.) Order (95 Misc. Rep. 686, 159 N. Y. Supp. 882) affirmed, with $10 costs and disbursements. All concur.

Henry WILLIS, as a stockholder, etc., applt., v. CITY OF ROCHESTER, impleaded, etc., respt. (Supreme Court, Appellate Division, Fourth Department. October 18, 1916.) Motion for leave to appeal to Court of Appeals granted and questions for review certified.

John WILLIX, as adm'r, etc., respt., v. CITY OF SYRACUSE, impleaded, etc., applt. (Supreme Court, Appellate Division, Fourth Department. October 11, 1916.) Judgment and order affirmed, with costs. All concur, except Foote, J., and Lambert, J., who dissent upon the ground that plaintiff failed to show actionable negligence.

In the matter of the application of Herman WINTERS, an employé, claimant, for an award under the State Workmen's Compensation Act, claimant-respt., v. L. MARCOTTE & COMPANY, employer, and Prudential Casualty Company, insurer, applts. (Supreme Court, Appellate Division, Third Department. September 15, 1916.) Matter remitted to the Commission, to make a determination as to whether the claimant is excused for his failure to give notice of his injury as provided by the Workmen's Compensation Law. (Consol. Laws, c. 67).