Matter of the Application of JOHN H. MEAHL, as County Clerk of the County of Erie, for a Writ of Mandamus *v.* SAMUEL H. ORDWAY, WILLIAM D. McKINISTRY and WILLIAM GORHAM RICE Constituting the State Civil Service Commission of the State of New York.

(Supreme Court, Albany Special Term, January, 1917.)

Civil Service Law — who not included within exempt class of — power and authority of deputy county clerk under section 169 of County Law.

A deputy county clerk under section 169 of the County Law, as amended by chapter 345 of the Laws of 1915, possesses the same power and authority as the clerk at any sitting or term of the court which he attends with respect to the business thereat, but when he is assigned to act as a court clerk he does not act as a county clerk generally and is not included within the exempt class of the Civil Service Law, section 13(1), as amended by chapter 352 of the Laws of 1913, which provides that the exempt class shall include the deputies of principal executive officers authorized by law to act generally for and in place of their principals.

The fact that the Supreme Court when sitting in a county is held in several parts to each of which a special deputy clerk is assigned does not make them exempt under section 13(3) of the Civil Service Law which includes in the exempt class one deputy clerk for each court.

APPLICATION by the clerk of the county of Erie for a peremptory writ of mandamus to compel the state civil

service, commission to reclassify the positions of special deputy clerks of the Supreme Court and of the County Court of Erie county, and to place such positions in the exempt class of the civil service.

Percy S. Lansdowne, Paul J. Batt, John T. Ryan, for applicant, John H. Meahl, as County Clerk of the County of Erie.

Egburt E. Woodbury, Attorney-General, James S. Y. Ivins, Deputy Attorney-General, of counsel, for respondent.

RUDD, J.    Necessity requires the clerks of the larger counties of the state to appoint certain special deputies to act as court clerks.

Such deputies are appointed for the performance of certain specific duties in connection with the court, acting under the general direction of the county clerk, subject, however, to the specific direction of the court.

The county clerk is the clerk of the Supreme Court and of the County Court.

In several counties of the state, in order that the facilities of the Supreme Court may keep pace with the demands made upon it, the Appellate Divisions of the Supreme Court provide that the Trial and Special Terms shall meet in as many parts as there are justices available, such terms running in parts concurrently.

Thus in Erie county there are six parts of the Trial and Special Terms of the Supreme Court appointed to be held at the same time. It is as essential that each part must have a clerk as it is that it must have a justice.

The petitioner here, the county clerk of Erie county, seeks a peremptory writ of mandamus to compel the

civil service commission of the state to reclassify and place in the exempt class the several deputy county clerks who are appointed to act as court clerks and assigned to the various parts of the Trial and Special Terms of the Supreme Court and to the County Court.

The positions of deputy county clerks, assigned to act as court clerks, were put into the competitive class by the civil service commission, with the approval of the governor, in December, 1914.

The petitioner's official term as county clerk of Erie county began January 1, 1916. After his election and before January 1, 1916, the petitioner applied to the state civil service commission for the placing of the positions referred to in, the exempt class. The application was denied.

The petitioner thereafter declared that in effect he would ignore the classification by the state civil service commission and would remove the incumbents of the positions mentioned and appoint men of his own selection as deputy county clerks assigned to act as court clerks.

A taxpayer's action brought against the petitioner herein resulted in an injunction at Special Term restraining the petitioner from making removals and appointments as contemplated by him. The order granting the injunction was affirmed by the Appellate Division and the Court of Appeals. 172 App. Div. 263; 219 N. Y. 270.

We have here for consideration the application by the county clerk of Erie county, based upon the contention by him made, that under section 13 of the Civil Service Law the positions of special deputy clerks of the Supreme Court and County Courts are exempt.

The section of the Civil Service Law reads as follows:

"§ 13. The exempt class. · The following positions shall be included in the exempt class:

"1. The deputies of principal executive officers authorized by law to act generally for and in place of their principals." See Laws of 1913, chap. 352, p. 652.

The weakness of the contention is that the deputy county clerks assigned to the courts are not "authorized by law to act generally for and in place of their principals."

Section 169 of the County Law, as amended by chapter 345 of the Laws of 1915, specifies the powers of deputy clerks assigned to act as court clerks as follows: "he possesses the same power and authority as the clerk at any sitting or term of the court which he attends, with respect to the business transacted thereat."

The power of the deputy county clerk assigned to act as a court clerk is limited to acting for the county clerk, who is the clerk of the court, at a term of the court with reference to the business of the court; that is all, not to act for the county clerk "generally."

The petitioner further contends that subdivision 3, section 13 of the Civil Service Law, places the deputy clerks assigned to the courts in the exempt class. The statute reads:

"The following positions shall be included in the exempt class:    *    *    *

"3. One clerk, and one deputy clerk if authorized by law, of each court, and one clerk of each elective judicial officer."

The meaning of this statute seems very clear; it certainly must mean one deputy clerk for each court.

The petitioner argues that because in Erie county there are held six parts of the Supreme Court that therefore there are six Supreme Courts and that one

special deputy clerk assigned to each part is and properly should be in the exempt class.

There are not six Supreme Courts in Erie county, no more are there twenty-one Supreme Courts in New York county; there is only one Supreme Court in the state. This with all respect to the expressions by the Nevada court. *State* v. *Atherton,* 19 Nev. 332.

It follows that the special deputy clerks assigned to the courts are not exempt under the law. If it had been intended by the legislature in framing the Civil Service Law to make the exemption so that all special deputy clerks of the several parts of the Supreme Court should thus be classified it would have been a simple legislative act to provide.

If the legislature did not provide it, it is not for the court to make the law.

Experience and almost common knowledge teach us that competitive examination is entirely practicable as a method of ascertaining merit and fitness of candidates for the position of court clerk.

We find no statute, nor any construction of a statute, which permits us to sustain the contention of the county clerk.

The classification by the state civil service commission not being palpably illegal must be regarded as final.

The court must reach the conclusion that the classification by the state civil service commission is entirely proper under law and is such a ruling by the commission as presents no justification for its overruling by the court. The application for mandamus is denied, with costs.

Application denied, with costs.