CHARLES W. SOMMER & BRO., INC., Respondent, *v.* ALBERT LORSCH & COMPANY, INC., Appellant.

(Submitted June 2, 1930; decided June 10, 1930.)

PER CURIAM. The question arises whether an appeal may be taken to this court as of right from a final judgment: " Where one or more of the Justices of the Appellate Division * * * having sat in the case, refrains from participating in the decision of the court." (Civ. Prac. Act, § 588, subd. 1.)

The amended judiciary article (Const. art. VI, § 7, subd. 1) provides as follows: " (1) A's of right, from a judgment or order entered upon the decision of an Appellate Division of the Supreme Court which finally determines an action or special proceeding wherein is directly involved the construction of the Constitution of the State or of the United States, *or where one or more of the justices of the Appellate Division dissents from the decision of the court,* or where the judgment or order is one of reversal or modification."

The failure of a sitting justice to participate in the decision of the court is not a dissent.

While the Legislature may further *restrict* the jurisdiction of the Court of Appeals and the right of appeal thereto (Const. art. VI, § 7, subd. 5) it may not enlarge such right of appeal.

When the Constitution was amended the clause above quoted became unconstitutional and should have been eliminated from the Civil Practice Act. Prior to the adoption of the amended article, the Constitution did not limit the right of appeal from final judgments but such right was subject to legislative restriction. With the right of appeal now limited by the Constitution, the power of the Legislature is limited to further restrictions.

Four justices of the Appellate Division shall constitute a quorum (Const. art. VI, § 2) and the unanimous affirmance by a court of four judges requires leave to appeal under Constitution (Art. VI, § 7, subd. 1, *supra*).

On the merits, the motion for leave to appeal is denied, with ten dollars costs and necessary printing disbursements.