Per Curiam.

After the unified court system was created (N. Y. Const., art. VI, § 28, eff. Sept. 1,1962), the Administrative Board of the Judicial Conference caused a personnel classification survey of nonjudicial employees of the unified court system to be made.
Based on that survey, the Administrative Board in June of 1965 adopted a “ Title Structure, Unified Court System ” which prescribed titles for nonjudicial employees with descriptions of duties and statements of qualifications for each title.
Thereafter, on December 15, 1965, the Administrative Board and the City of New York entered into an agreement establishing the procedures which were to govern joint collective bargaining with the nonjudicial employees and provided that a union or other representative of such employees would be duly certified for a class of positions by the City Labor Department if it represented a city-wide majority of the employees in .such class of positions.
*295 The Labor Department, undertaking the function thus vested in it, in June, 1966 certified that the appellant Association is the collective bargaining representative of all probation officer trainees and probation officers employed in the courts in New York City.
The petitioner-respondent thereupon initiated this proceeding to annul the collective bargaining certificate issued to the appellant and to restrain collective bargaining thereunder. The Appellate Division, reversing Special Term’s dismissal of the petition, held that the Administrative Board has the sole authority for establishing appropriate units for collective bargaining by the probation officers involved and that such authority may not be delegated to any other agency or body.
The constitutional authority of the Administrative Board of the Judicial Conference is the ‘ ‘ administrative supervision ’ ’ of the “ court system” (N. Y. Const., art. VI, § 28). On the standards and administrative policies 1 ‘ established by the administrative board” the Appellate Divisions shall supervise the “administration and operation” of the courts in their departments.
The Legislature is required to provide that estimates of the annual financial needs of the courts shall be submitted to the board to be forwarded to the appropriating bodies “ with recommendations and comment ” (§ 29, subd. b). The “ final determination ” of the fiscal needs of the courts, however, is expressly left to normal fiscal authorities, either State (subd. c) or local (subd. d).
Thus, where the salaries of personnel in the court system are paid by a local government, a joint responsibility exists: in the board to consider the budget and make recommendations ; and in the local governing body to make a ‘ ‘ final determination ’ ’.
In collective bargaining with court personnel on salaries and other money benefits, where the City of New York is to pay the cost, both the board and the city are jointly concerned in any negotiation. Neither could act on the fiscal solution without the other. The agreement between the board and the City of New York was an entirely reasonable and effective way to carry out these shared responsibilities in collective bargaining with employees. It set up the Department of Labor of the City of *296 New York as the appropriate bargaining unit and collective bargaining agent for the board and the city.
Nothing in the Constitution or the implementing statute (Judiciary Law, art. 7-A) interdicts this arrangement. The Constitution, granting broad powers for “ administrative supervision ” of the “ court system ” to the board, does not envisage that the Chief Judge of the Court of Appeals and the four Presiding Justices, who make up the board, must always in person conduct bargaining discussions with groups of locally paid court employees.
Delegation of the task to some official or agency would be expected; and where the board has only a partial and a shared responsibility for the approval of the result of bargaining, it is reasonable that the local government, which will pay the bill, be authorized by the board to carry on the detailed bargaining process. This is not an invalid delegation of the board’s constitutional authority.
The order of the Appellate Division should be reversed and the petition dismissed, without costs.
Judges Van Vookhis, Burke, Soilbppi, Bergan, Keating and Breitel concur; Chief Judge Fuld taking no part.
Order reversed, without costs, and matter remitted to Special Term for further proceedings in accordance with the opinion herein.