Jasen, J.
On December 23, 1954, the Board of Justices of the Supreme Court, Kings County, appointed petitioner to the position of clerk of that court, a position he continues to hold. By virtue of legislation enacted and effective before court unification, pay raises were provided for all nonjudicial court personel, including petitioner. (L. 1961, ch. 492, eff. May 4, 1961; L. 1962, ch. 640, eff. Aug. 1, 1962.) In each instance (L. 1961, ch. 492, § 3; L. 1962, ch. 640, § 3), it was specified that such raises could be withheld in whole or in part if, in the opinion of the appropriate appointing authority, the increase was not warranted.
By letter, dated April 8, 1964, the Presiding Justices of the Appellate Division in the First and Second Judicial Departments advised the Mayor of the City of New York that they were exercising the prerogative of the appropriate appointing authority to withhold the afore-mentioned increases in compensation from petitioner and certain others. In so acting the Presiding Justices relied upon the authority and power vested in each Appellate Division by virtue of the court unification provisions of the State Constitution (art. VI) and the Judiciary Law (art. 7-A), which provisions became effective September 1, 1962.
This proceeding ensued some years later, petitioner contending that the Appellate Division in the Second Judicial Department was not the “ appropriate appointing authority ” empowered to withhold the increases in compensation and, accordingly, that he had been underpaid an amount in excess of $16,600 since 1964. At Special Term the application was denied and the petition dismissed. Upon transfer of the appeal to the Appellate Division, Third Department, the determination was affirmed, one Justice dissenting. We agree that the pay raises were *138 validly withheld from petitioner and, accordingly, affirm the order of the Appellate Division.
It is true that when the pay raises at issue became effective, the Board of Justices of the Supreme Court, Kings County, not the Appellate Division in the Second Judicial Department, was the appropriate appointing authority for petitioner’s position. Section 168 of the Judiciary Law* so provides.
However, by virtue of the court unification provisions of the State Constitution (art. VI) and the Judiciary Law (art. 7-A), effective September 1, 1962, the power and authority of the Board of Justices conferred by section 168 of the Judiciary Law vested in the Appellate Division. Section 28 of article VI of the Constitution, central to the concept of court unification, contains a broad grant of power to the Appellate Divisions to supervise the administration and operation of the courts in their respective departments in accordance with standards and administrative policies established by the Administrative Board of the Judicial Conference. Section 214 of article 7-A of the Judiciary Law implements this sweeping authority. It provides that, subject to limitations imposed by the Constitution or by statutes thereafter enacted specifically otherwise providing: ‘ ‘ Each appellate division shall, with respect to the courts in its department, be vested with * * * all administrative powers and duties vested pursuant to any provision of law in any judicial or non-judicial personnel of the courts in its department.” (Emphasis supplied.)
Consequently, on April 8, 1964, when the Presiding Justices acted, the Appellate Division in the Second Judicial Department was the appropriate appointing authority for the position of clerk of the Supreme Court, Kings County, and the prerogative to withhold the above pay raises had then devolved upon it.
Matter of Gilligan v. Procaccino (27 N Y 2d 162) is distinguishable. In that case we held that the Presiding Justices of the Appellate Division in the First and Second Judicial Depart? *139 ments were not the appropriate appointing authorities for petitioners, nonlawyer “ law secretaries ” to Supreme Court Justices. Utilike the case before us, with respect to personal assistants to Judges and Justices of the unified court system, the power of appointment did not devolve upon the Appellate Divisions under section 214 of the Judiciary Law. This is so because, as part of court unification, section 222 of the Judiciary Law was enacted specifically otherwise providing that “ the power of [a] judge or justice [of the unified court system] to make such appointments shall continue, notwithstanding the provisions of section [214] of this chapter ” (see Report of the Joint Legislative Committee on Court Reorganization [Jan. 30,1962], p. 6). In other words, the power of an individual Judge or Justice to appoint his personal assistants was expressly reserved and continued. It did not devolve upon the Appellate Divisions.
Accordingly, for the reasons stated, the order of the Appellate Division should be affirmed, with costs.
Chief Judge Breitel and Judges Gabrielli, Jones, Wachtler and Stevens concur; Judge Rabin taking no part.
Order affirmed.

 “ § 168. Powers of supreme court justices in Kings [County] * * * to appoint court officers. The justices- of the supreme court for the second judicial district residing in Kings County, or a majority of them * * * may appoint, and at pleasure remove all clerks * * * and court officers in the supreme court in [Kings County] * * * and fix their compensation except where such compensation is fixed by law.”