Per Curiam.
 

 Section 256 of the Executive Law (L 1971, ch 387) places the Probation Department of Nassau County un
 
 *79
 
 der the supervision and control of the county executive. Prior to the effective date of this statute, this power had been exercised by the judiciary originally on the local level and later by the Judicial Conference. The petitioners, employees of the department, claim that the current statute violates article VI of the State Constitution. The question is whether the Probation Department is
 
 constitutionally
 
 part of the unified court system as defined in section 28 of article VI of the Constitution. Special Term held that it was not, and the Appellate Division reversed. We have concluded that the order of Special Term should be reinstated.
 

 The only explicit reference to the Probation Department, in the Constitution is found in section 5 of article XVII, which empowers the Legislature to "provide for the maintenance and support of institutions for the detention of persons charged with or convicted of crime and for systems of probation and parole of persons convicted of crime.” The judiciary’s past authority over the Nassau County Probation Department derived solely from legislation (Code Crim Pro, § 938-d) which vested in the Judges of the County and Family Court power to appoint directors of probation and certify payrolls for employees of the Probation Department. Then, in 1962, the Constitution was amended to provide for a unified court system (NY Const, art VI). Central to constitutional reorganization of the court system was the concept that the general supervisory powers formerly granted to individual courts should pass to the Administrative Board of the Judicial Conference (NY Const, art VI, § 28). Thereafter we recognized that the Probation Departments were subject to the supervision and control of the board rather than the individual courts designated by statute
 
 (Matter of Kleinman v McCoy,
 
 19 NY2d 292;
 
 McCoy v Helsby,
 
 28 NY2d 790). In neither of these cases however did we consider or decide whether the Probation Department is for all purpose
 
 constitutionally
 
 a part of the unified court system.
 

 In
 
 Kleinman
 
 (p 295) the New York City Labor Department had certified the collective bargaining agent for all probation officer trainees and probation officers employed in the courts in New York City. This was done pursuant to an agreement between the Administrative Board and the city, and the petitioners claimed that this was an invalid delegation of the board’s constitutional power of "administrative supervision” of the "court system”. We held that it was not since "[i]n
 
 *80
 
 collective bargaining with court personnel on salaries and other money benefits, where the City of New York is to pay the cost, both the board and the city are jointly concerned in any negotiation.” By approaching the issue in this matter we affirmed the board’s constitutional power to administer the Probation Department as part of the "court system” of which it was legislatively then a part.
 

 This does not mean however that these agencies are expressly, or even necessarily, an integral part of the unified court system. Since their relationship to the administration of justice itself is although often intimate, always collateral, it is reasonable that their place in the judicial scheme should depend solely in legislation.
 

 Our later decision in
 
 McCoy v Helsby (supra,
 
 p 791) is not to the contrary. There the question was whether the application of the Taylor Law to Probation Department employees conflicted with the board’s supervisory powers over the court system. Although we upheld the application of the law to nonjudicial employees as a "reasonable limitation” on the "exercise of this power” we took occasion to note that "It may be that some future legislative action would so deeply cut at the basic fibre of administrative power as to be violative of section 28 of article VI of the Constitution.” In stating this caveat we simply meant to indicate that so long as these agencies performed functions in the court system, the power to supervise and control those functions was in the board and might not be abridged by legislation.
 

 In sum, the Constitution grants to the Legislature the power to maintain and support Probation Departments. The establishment of the unified court system did not necessarily affect this grant of power any more than it impaired the legislative power to build courthouses, staff them with nonjudicial employees, or supply them with facilities, supplies, or building maintenance. In the final analysis judicial control over the regulation of employment in those agencies depended solely on existing statutory authority which the Legislature was free to withdraw (see, e.g.,
 
 City of New York v Maltbie, 274
 
 NY 90, 97). Thus by enacting chapter 387 of the Laws of 1971 (now Executive Law, § 256) which transferred jurisdiction over the civil service in the Probation Department to the county executives, the Legislature did not violate article VI of the State Constitution.
 

 
 *81
 
 The orders of the Appellate Division should be reversed and the judgments of Special Term reinstated.
 

 Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in
 
 Per Curiam
 
 opinion.
 

 Orders reversed, without costs, and the judgments of Supreme Court, Nassau County, reinstated.-