44 N.Y.2d 352 (1978)
Bernard F. Mundy et al., Individually and on Behalf of All Other Employees of the Nassau County Department of Probation Similarly Situated, Respondents,
v.
Nassau County Civil Service Commission et al., Appellants, and Probation Officers Benevolent Association, Intervenor-Appellant.
Court of Appeals of the State of New York.
Argued March 29, 1978.
Decided May 11, 1978.
William Gitelman, County Attorney (William S. Norden and Natale C. Tedone of counsel), for Nassau County Civil Service Commission and others, appellants.
Louis J. Lefkowitz, Attorney-General (Lillian Z. Cohen and Samuel A. Hirshowitz of counsel), for the State of New York and another, appellants.
Hartman & Alpert for intervenor-appellant.
Robert M. Calica and Bernard S. Meyer for respondents.
Judges GABRIELLI, FUCHSBERG and COOKE concur with Judge WACHTLER; Chief Judge BREITEL dissents and votes to reverse and dismiss in a separate opinion in which Judges JASEN and JONES concur.
*356 WACHTLER, J.
In this proceeding, originally commenced as an action for a declaratory judgment, 24 provisional employees of the Nassau County Probation Department, who failed or received low grades on civil service tests for permanent appointment, claim that the exams are illegal and invalid because they are not sufficiently job-related. Special Term treated the complaint as a petition in an article 78 proceeding and then dismissed for untimeliness. The Appellate Division modified by reinstating the complaint. On this appeal, by leave of our court, the county and the State claim that the proceeding was not commenced within four months after the determination to be reviewed became final and binding upon the petitioners (CPLR 217).
In 1971 the Legislature transferred supervision and control of the Probation Department from the judiciary to the County Executive (Executive Law, § 256, 1971, ch 387). In 1974 the petitioners, who were provisional employees of the Nassau County Probation Department, took civil service tests for permanent employment with the department. As a result of the exams an eligible list was promulgated on January 2, 1975. On that same date each of the petitioners was notified that he had failed or received a low grade on the exams. On January 7, 1975 the Nassau County Civil Service Commission certified the list and sent it to the Nassau County Probation Department.
On January 10, 1975, in an unrelated suit challenging the constitutionality of section 256 of the Executive Law, a Supreme Court Justice temporarily enjoined the county from making any appointments from the list. On January 14, 1975 the Executive Director of the Nassau County Civil Service *357 Commission formally withdrew certification of the list and notified all eligibles that "certification of names from the list will be withdrawn and held in abeyance until a final determination is made by the court." Subsequently on June 9, 1975 this court held that section 256 of the Executive Law was constitutional (Matter of Bowne v County of Nassau, 37 N.Y.2d 75).
On July 24, 1975 the Nassau County Civil Service Commission recertified the list. In August the order enjoining the commission from discharging any employees on the affected lists was vacated, and in September each of the petitioners was either demoted or discharged based on their examination grades and position on the certified list.
This suit was commenced on September 3, 1975 by service of a summons. The complaint seeks a declaration that the examinations are, "invalid, illegal, and violative of Civil Service Law Section 50(6) in that they were neither practical in their character, nor did they relate to those matters which would fairly test the relative capacity and fitness of the persons examined to discharge the duties [of the positions] * * * to which they sought appointment."
We agree with Special Term and the Appellate Division that the complaint should be considered a petition commencing an article 78 proceeding (see, e.g., Matter of Acosta v Lang, 13 N.Y.2d 1079). The question is whether the four-month Statute of Limitations applicable to such proceedings (CPLR 217) began to run when the list was originally certified in January, 1975 or when it was recertified in July, 1975, after the initial certification had been withdrawn.[*] In our view the determination which the petitioners seek to review did not become "final and binding upon the petitioner[s]" (CPLR 217) until the list was recertified on July 24, 1975.
Ordinarily, these employees should have become aggrieved when eligibility lists based on grades from the contested examinations were established and first certified early in January, 1975. This is usually the type of "final and binding determination" from which the four-month limitations period is measured, for this is the point when the challenged action has its impact (Matter of Queensborough Community Coll. v State Human Rights Appeal Bd., 41 N.Y.2d 926; *358 Matter of Munice v Board of Examiners of Bd. of Educ., 31 N.Y.2d 683; see CPLR 217).
In this case, however, within a few days of the initial certification, certification was withdrawn and specifically "held in abeyance" pending a "final determination" of the constitutional challenge to section 256 of the Executive Law. Thus the withdrawn list could have no impact on the petitioners' rights until it was recertified after we finally resolved the dispute regarding the constitutionality of the statute (see Matter of Bowne v County of Nassau, 37 N.Y.2d 75, supra). And, as noted, the present suit was commenced within a month and one half of the recertification.
To be sure, public employees aggrieved by the questionable propriety of a civil service examination should not be allowed to press stale claims or disrupt the appointments of those otherwise secure in their tenure merely by framing a lawsuit as a declaratory judgment action or casting their grievance as a continuing wrong (compare Matter of McDermott v Johnson, 2 N.Y.2d 608, with Lutheran Church in Amer. v City of New York, 35 N.Y.2d 121). Only a short Statute of Limitations can effectively contain this type of challenge within fair as well as feasible bounds.
On the other hand, when an administrative body itself creates ambiguity and uncertainty by declaring that "certification * * * will be withdrawn and held in abeyance", affected employees and their counsel should not have to risk dismissal for prematurity or untimeliness by necessarily guessing when a final and binding determination has or has not been made. Under these circumstances, "the courts should resolve any ambiguity created by the public body against it in order to reach a determination on the merits and not deny a party his day in court" (Matter of Castaways Motel v Schuyler, 24 N.Y.2d 120, 126-127; cf. City of New York v State of New York, 40 N.Y.2d 659, 670).
Having created the ambiguity and impression of nonfinality, it was up to the defendant commission to either "make it clear what was or what was not its [final] determination" (Matter of Castaways Motel v Schuyler, supra, p 126) or, failing that showing, to abide by reasonable delays which it alone had engendered (see Matter of O'Neill v Schechter, 5 N.Y.2d 548).
On this basis, the Appellate Division below properly *359 concluded that the plaintiffs did not become aggrieved and the Statute of Limitations did not begin to run against them until the challenged lists were recertified in July, 1975. Accordingly, the order of the Appellate Division should be affirmed, with costs.
Chief Judge BREITEL (dissenting).
I would reverse and dismiss the proceedings for untimeliness.
In governmental matters, for the correction of unlawful conduct by officials under the summary procedure allowed by CPLR article 78, the Statute of Limitations is four months (CPLR 217). The reason for the short statute is the strong policy, vital to the conduct of certain kinds of governmental affairs, that the operation of government not be trammeled by stale litigation and stale determinations. In civil service matters the reason for expedition is as great as any. Challenges to the filling of civil service positions must be promptly asserted, not only to smooth the operation of the public services but to assure that selections are made from contemporary eligible lists of qualified people. These principles have been reiterated for decades in the leading cases in this court (see, e.g., Hurley v Board of Educ., 270 N.Y. 275, 280; Ciaccia v Board of Educ., 271 N.Y. 336, 339-340).
The gravamen of the claims by petitioners in this proceeding has always been the impropriety and unfairness of the questions on the competitive examination by which they were tested. That gravamen from the giving and taking of the examination gave rise to a justiciable cause of action, never interrupted by the events involved in the certification of the eligible list. Petitioners would not know they were aggrieved, it may be argued, until the first promulgation of the eligible list disclosed their ratings. The court need not accept or reject the argument that the four-month statute does not begin to run until the first promulgation of the eligible list; it is enough to recognize that whether the statute runs from the examination or from the promulgation, this proceeding is untimely.
Matter of Queensborough Community Coll. v State Human Rights Appeal Bd. (41 N.Y.2d 926) and Matter of Munice v Board of Examiners of Bd. of Educ. (31 N.Y.2d 683), cited in the majority opinion, are not relevant. The Queensborough case involved a determination by a public college not to reappoint complainant, and the grievance procedure was referred to as *360 alternative and ineffective to toll the Statute of Limitations. The Munice case held that a denial of an appeal was final and binding even though subsequent advice giving the reasons for the denial was provided. Indeed, the holdings are supportive of the general principles set forth in this opinion.
Certification, as distinguished from promulgation, of the list simply gives the appointing authority the names of eligible persons among whom competitive appointments must be made (see Rules of the Nassau County Civil Service Commission, rules XV, XVI;[*] see, also, for comparison, the Rules and Regulations of the State Department of Civil Service, 4 NYCRR 3.6, 4.1; see, generally, 67 CJS, Officers, § 34, subds g, h). Withdrawal of the certification did not change the quality of the examination attacked, or the effect, aspect, or content of the eligible list as promulgated, and hence that withdrawal was irrelevant to the running of the Statute of Limitations. The statute began to run at the very latest from the promulgation of the list, if not, as may be true in some cases, from the taking of the examination. The grievances remained and continued to be justiciable. The recertification of the list after this court decided Matter of Bowne v County of Nassau (37 N.Y.2d 75) removed the bar on the appointing authority, but created no new grievances for petitioners. Certification never having been a condition to beginning this attack on the validity of the examination, the fact or time of recertification is of no significance. The promulgated list had never been undone; only the direction to the appointing authority had been stayed.
Distortion and expansion of the function of certification or recertification of the list to the appointing authority would leave a list based on a 1974 competitive examination still to be litigated. More years may pass before competitively qualified persons are determined to fill the positions in the probation service in Nassau County.
Moreover, this case does not involve any ambiguities in the finality and binding quality of an administrative determination (see Matter of Castaways Motel v Schuyler, 24 N.Y.2d 120, 126-127). The questioned examination was always good or bad depending upon the view of the adversary parties here. Neither certification of the list, withdrawal of certification, nor *361 recertification ever changed the validity of the examination on which the list was based.
The worst is that the holding in this case will mark another departure from the salutary time limitations now circumscribing summary proceedings under article 78 on a novel analysis in contradiction of the rules and principles which have obtained for so long (see dissenting opn in Matter of Mena v D'Ambrose, 44 N.Y.2d 428, decided simultaneously with this appeal).
Accordingly, I dissent and vote to reverse and dismiss the proceedings.
Order affirmed.

Rule XV of the Nassau County Civil Service Commission

NASSAU COUNTY CIVIL SERVICE COMMISSION

RULE XV

ELIGIBLE LISTS
1. Every candidate who attains a passing mark in an examination as a whole and who meets the standards prescribed, if any, for separate subjects or parts of subjects of the examination, shall be eligible for appointment to the position for which he was examined and his name shall be entered on the eligible list in the order of his final rating; but if two or more eligibles receive the same final rating in the examination, they shall be ranked in accordance with such uniform, impartial procedure as may be prescribed therefor by the Commission.
2. The date of the establishment of a list shall be the date fixed therefor by Commission resolution, and shall be entered on such list. The term of eligibility of all lists shall be fixed by the Commission at not less than one nor more than four years.
3. The date of establishment of an eligible list and its duration shall be given to all successful candidates at the time when notice of standing on the eligible list is given to such candidates. Where the duration of an eligible list is fixed at less than four years, the Commission may, by resolution, prior to the expiration date of such list extend the duration of the list up to the maximum limitation of four years or in the case of a police officer eligible list up on to the maximum limit of two years, and in the case of a police promotion list up to a maximum of three years.
4. Eligible lists shall be open to public inspection at the office of the Commission. The names of persons who failed to receive a passing grade on the examination shall not be disclosed to the public.
*362 5. An eligible list may be established subject to the conduct of such medical, physical, or other appropriate non-competitive qualifying tests, investigations and conditions as may be deemed appropriate by the Commission.
6. An eligible list that has been in existence for one year or more shall terminate upon the establishment of a new list unless otherwise prescribed by the Commission. Where an eligible list is established by means of continuous recruitment, the names of the new eligibles shall be added to any existing list for such position in accordance with the ratings achieved by the eligibles. Such names shall remain on the eligible list for one year from the date of
June 1977
notification of examination results.
7. When an eligible list has been in existence for less than one year and contains the names of less than three eligibles willing to accept appointment, and a new list for the same position or group of positions is established, the names of the eligibles remaining on the old list shall have preference in certification over the new list until such old list is one year old, and during such period such names shall be certified along with enough names from the new list to provide the appointing officer with a sufficient number of eligibles from which selection may be made. Where an old list which has been in existence for one year or more is continued upon the establishment of a new list which contains less than three names, the Commission may certify the names on the old list along with enough names from the new list to provide the appointing officer with a sufficient number of eligibles from which selection may be made.
8. The appointing body of a town, village, special district, school district or school district library may, by resolution, request the Commission to certify first for appointment from open competitive lists, residents of the particular town, village, special district, or school district, provided, however, no such preference shall be given on appointments from the promotion lists. Upon exhaustion of the list of such resident eligibles, certification shall be made from the whole eligible list.
9. The Commission shall have power in its discretion to correct any error and amend any eligible list where it appears that an error has been made or an injustice done. The Commission shall have the power to revoke any eligible list where the provisions of these rules were not properly or sufficiently carried out; provided, however, that an eligible list shall not be revoked except after notice and an opportunity to be heard has been given to all persons whose names appear thereon. The reasons for such action shall be recorded in the minutes of the Commission and reported to the State Civil Service Commission.
December 1972

RULE XVI

CERTIFICATIONS AND APPOINTMENTS
1. The Commission shall determine the eligible list most nearly appropriate for the position to be filled, and shall certify to the appointing authority a sufficient number of eligibles from which selection for appointment may be made. When the name of an eligible is included in a certification for *363 appointment, the names of all other eligibles on the list having the same final rating as such eligible shall likewise be included in such certification. The application of an eligible who is being considered for appointment may be shown to the appointing officer, providing it does not violate the laws against discrimination.
2. A Certification issued by the Commission to an appointing officer shall be valid for a period of 30 days from the date of its issuance. After the expiration of such 30 day period no appointment shall be made except from a new certification.
3. When an eligible is canvassed for appointment or is offered appointment in writing and fails to state his willingness to accept such appointment within seven working days after the mailing of such canvass or offer, or before the end of the next succeeding working day if such canvass or offer is sent to him by telegram, he may be considered ineligible for purposes of making selection for such particular appointment.
4. The name of the person declining appointment shall be eliminated from further certification from the eligible list unless declination is for one or more of the following reasons:
(a) Insufficiency of compensation offered when below minimum of grade of the position for which the examination was held;
(b) Location of employment;
(c) Temporary inability, physical or otherwise, which must be satisfactorily explained by the eligible in writing. The Commission shall enter upon the eligible list the reasons for its action in such cases.
October 1975
5. Except as otherwise provided herein, appointment or promotion to a position in the competitive class shall be made by the selection of a person on the most nearly appropriate eligible list who is willing to accept such appointment and whose final rating in the examination is equal to or higher than the rating of the third highest ranking eligible on the list indicating willingness to accept such appointment. The term "ranking" as used herein refers to the order in which the names of eligibles appear on the eligible list as provided in Rule XV.
6. Whenever a vacancy exists in a position in the competitive class and an open competitive examination duly advertised results in three or fewer approved applicants for the examination, the appointing officer may nominate to the Commission one of the applicants who may be certified for appointment to fill the vacancy without further examination, provided that he has already qualified in an examination of equivalent character within the last four years from the date of nomination.
7. Wherever one or more eligibles shall have declined any appointment offered and an eligible, whose relative standing is lower and who was reachable on the certification only because of the aforesaid declination, shall have been appointed to the position, the salary, or compensation of such appointee shall not be increased, except by a service or a class wide increase, within a period of six months after his appointment beyond that offered to the persons so declining.
August 1968
NOTES
[*] Although the county also urges that the period began to run when the test was administered, we have rejected this contention in the case of Matter of Martin v Ronan (44 N.Y.2d 374, decided herewith).
[*] The cited Nassau County Rules are attached as an appendix.