JOHN J. DURANTE, as County Clerk of Queens County, et al., Respondents, v HERBERT B. EVANS, as Chief Administrative Judge of the Courts, et al., Appellants.

Third Department, June 16, 1983

**APPEARANCES OF COUNSEL**

*Paul A. Feigenbaum (Michael Colodner* of counsel), for appellants.

*Goldberg & Birnbaum (Arthur Birnbaum* of counsel), for respondents.

**OPINION OF THE COURT**

CASEY, J.

At issue on this appeal is whether the power of appointment over the positions of counsel and deputy clerk in the offices of the county clerks of the counties within New York City is in the appropriate county clerk or in the Chief Administrative Judge of the Unified Court System. We

hold that defendant Chief Administrative Judge has the exclusive power of appointment. Special Term's judgment must be modified accordingly (116 Misc 2d 814).

The issue being purely one of law, involving interpretation of statutory and constitutional provisions, a lengthy recitation of the factual background and proceedings below is neither necessary nor particularly helpful. Rather, we proceed directly to discussion of the legal issue.

Plaintiffs, the county clerks of the five counties encompassed by New York City and certain of their purported appointees, base their claim that the power of appointment lies with the county clerks on sections 911 and 912 of the County Law, which specifically grant the power of appointment for the positions of counsel and deputy clerk, and others, to the county clerks for counties within New York City. Defendant Chief Administrative Judge asserts that sections 911 and 912 of the County Law have been superseded by various constitutional amendments, and statutes enacted pursuant thereto, which have expanded and unified the State court system, and have vested broad administrative powers over that system in the Chief Judge of the Court of Appeals, who has delegated much of that authority to defendant Chief Administrative Judge.

The grant of the powers of appointment contained in sections 911 and 912 of the present County Law was derived from the County Law of 1909. Until 1935, county clerks throughout the State were, by constitutional provision, elected officers (NY Const of 1894, art X, § 1), required to act as clerks of the Supreme Court and to perform such other duties as prescribed by law (NY Const of 1894, art VI, § 19). Although not expressly provided in the Constitution, county clerks were held to have the constitutional duty of acting as clerk of the County Court as well (*People ex rel. Wogan v Rafferty*, 208 NY 451). In *Olmsted v Meahl* (219 NY 270), the court ruled that while performing their duties as clerk of the Supreme Court or County Court, county clerks were State judicial officers, but that in the performance of local functions, such as appointing special deputy clerks pursuant to statutory authority, county clerks were purely local officers.

By constitutional amendment adopted in 1935, the method of selection and the mandated duties of county clerks for the counties within New York City were altered significantly. Those county clerks were to be appointed by the Appellate Division of the judicial district within which the particular county was located, and the county clerks were directed to act as clerk of the Supreme Court and administer the selection of jurors, as well as perform such other duties as the City of New York prescribed by local law. This provision is currently contained in article XIII (§ 13, subd [a]). By constitutional amendment adopted in 1962, reorganization of the State courts was begun and a Unified Court System was created. "Central to constitutional reorganization of the court system [in 1962] was the concept that the general supervisory powers formerly granted to individual courts should pass to the Administrative Board of the Judicial Conference (NY Const, art VI, § 28)" (repealed April 1, 1978) (*Matter of Browne v County of Nassau,* 37 NY2d 75, 79), composed of the Chief Judge of the Court of Appeals and the Presiding Justice of each of the four Appellate Divisions. In 1978, the Constitution was again amended to vest in the Chief Judge of the Court of Appeals the general supervisory powers formerly exercised by the Administrative Board and to create the position of Chief Administrator of the Courts, to be appointed by the Chief Judge, with the advice and consent of the Administrative Board (NY Const, art VI, § 28). As a result of this latest amendment, "the Chief Judge's administrative powers are complete, and the Chief Administrator may employ them fully when and while and to the extent that they have been delegated to him" (*Corkum v Bartlett,* 46 NY2d 424, 429).

These constitutional amendments, standing alone, are sufficient to establish that sections 911 and 912 of the County Law, upon which plaintiffs and Special Term rely, are no longer extant. At the heart of plaintiffs' argument on this appeal, and central to Special Term's analysis, is the premise that neither statute has been repealed. Thus, it is noted that the Legislature has not expressly repealed either statute and that no subsequent statute has express language so inconsistent with the provisions of sections

911 and 912 that they cannot be reconciled, which would form the basis for finding repeal by implication (see *Matter of St. Joseph's Hosp. Health Center v Axelrod,* 74 AD2d 698, mot for lv to app den 49 NY2d 706). Statutory repeal by subsequent legislation, however, is not at issue here. Rather, the question is whether the constitutional amendments described above can be said to be in conflict with the provisions of sections 911 and 912 of the County Law, for if so the constitutional amendments abrogate the existing statute (McKinney's Cons Laws of NY, Book 2, Constitution, Constitutional Interpretation, § 45, p 36; see *Sommer & Bro. v Lorsch & Co.,* 254 NY 146). We conclude that such a conflict exists.

First, by making the office of county clerk for the counties within the City of New York appointive rather than elective, by vesting the power of appointment to such office in the Appellate Divisions, and by expanding the scope of the constitutionally mandated judicial duties of such office, the 1935 constitutional amendment brought the county clerks for the counties encompassed by New York City squarely within the State's constitutionally created judicial system. Next, as explained by the Court of Appeals in *Matter of Browne v County of Nassau* (37 NY2d 75, *supra*) and *Corkum v Bartlett* (46 NY2d 424, *supra*), the main purpose of the 1962 and 1978 court reorganization amendments was to consolidate the supervisory power over the various courts of the State's judicial system in the Administrative Board and later in the Chief Judge. The grant of administrative power contained in these amendments is not a limited one. Rather, the power granted thereby is "complete" (*Corkum v Bartlett, supra,* p 429), and has been interpreted to embrace "the power to deal with all personnel matters" (*Matter of Blyn v Bartlett,* 39 NY2d 349, 357). It follows, then, that the administrative power granted by the 1962 and 1978 constitutional amendments includes the power of appointment over nonjudicial personnel.[1] We reach this conclusion despite the fact that these amendments are stated in broad terms and contain no language

---

1. County clerks, of course, remain constitutional officers and their method of selection is prescribed by the Constitution, with those outside New York City being elected while those within New York City are appointed by the Appellate Division (NY Const, art XIII, § 13, subd [a]).

expressly contradicting the language of sections 911 and 912 of the County Law, for "it is well settled that legislation contravening what the Constitution necessarily implies is void equally with the legislation contravening its express commands" (*Matter of Hopper v Britt*, 203 NY 144, 149).

Statutes enacted as a result of the afore-mentioned constitutional amendments reinforce the conclusion that sections 911 and 912 have been abrogated by the amendments. Pursuant to subdivision 1 of section 39 of the Judiciary Law, all expenses of the county clerk's offices within New York City are paid by the State, while for those county clerk's offices outside New York City the State pays only that portion of the expenses related to the county clerk's role as clerk of the court and related to jury selection. This provision supports the conclusion that county clerks for counties within New York City are now wholly within the Unified Court System, while county clerks for the remaining counties serve dual functions. Similarly, while the compensation for most county clerks is fixed by the appropriate county board of supervisors (see County Law, § 201), county clerks in New York City receive a salary not less than that received by a Judge of the Civil Court of New York City, subject to possible increases by the Chief Administrator of the Courts (County Law, § 908). Next, the statutes enacted to implement the court reorganization fashioned by the 1962 and 1978 constitutional amendments establish the breadth of the administrative powers being consolidated in the administrative board and later in the Chief Judge (see former Judiciary Law, § 214, added L 1962, ch 684, § 3, amd by L 1962, ch 685, § 2, repealed by L 1978, ch 156, § 6; Judiciary Law, § 211, added L 1978, ch 156, § 7).[2] The purpose and intent of the constitutional amendments, amplified by subsequent legislation and case law, could not be clearer, and sections

---

2. Defendants also maintain that sections 911 and 912 of the County Law were superseded by former section 214 of the Judiciary Law. In view of our conclusion concerning the conflict between the provisions of the County Law and the constitutional amendments, resolution of this issue is not necessary, but we agree with defendants' contention (see *Matter of Mangano v City of New York*, 34 NY2d 135).

911 and 912 of the County Law conflict with that intent and purpose.

Plaintiffs rely on *Olmsted v Meahl* (219 NY 270, *supra*) citing the hybrid nature of the office of county clerk, involving both local and judicial functions, recognized by the court therein. *Olmsted,* however, was decided before the 1935 constitutional amendment which, as noted above, substantially changed the nature of the office of county clerk for those counties within New York City. Similarly, the manner in which the compensation for those county clerks is fixed and the funding for the expenses of their offices have undergone radical changes, substantiating that the office itself has changed. Accordingly, *Olmsted,* in our view, has no application to this controversy.

In short, we hold that by virtue of constitutional amendments adopted in 1935, 1962 and 1978, the exclusive power to appoint individuals to the positions of counsel and deputy clerk in the offices of the county clerks of the counties within New York City is in the Chief Administrative Judge of the Courts, to whom that power has been delegated by the Chief Judge of the Court of Appeals, and we declare void those portions of sections 911 and 912 of the County Law which provide to the contrary.

The order and judgment should be modified, on the law, by deleting therefrom the first, second, third, fifth and sixth decretal paragraphs and substituting therefor provisions denying plaintiffs' motion for summary judgment, granting defendants' motion for summary judgment, and by declaring that defendant Chief Administrative Judge of the Courts, pursuant to the authority delegated to him by the Chief Judge of the Court of Appeals, has the exclusive power of appointment over the positions of counsel and deputy clerk in the offices of county clerk for the counties within New York City, and declaring void sections 911 and 912 of the County Law insofar as they provide otherwise, and, as so modified, affirmed, without costs.

KANE, J. P., MAIN, MIKOLL and YESAWICH, JR., JJ., concur.

Order and judgment modified, on the law, by deleting

therefrom the first, second, third, fifth and sixth decretal paragraphs and substituting therefor provisions denying plaintiffs' motion for summary judgment, granting defendants' motion for summary judgment, and by declaring that defendant Chief Administrative Judge of the Courts, pursuant to the authority delegated to him by the Chief Judge of the Court of Appeals, has the exclusive power of appointment over the positions of counsel and deputy clerk in the offices of county clerk for the counties within New York City, and declaring void sections 911 and 912 of the County Law insofar as they provide otherwise, and, as so modified, affirmed, without costs.