■ MARY L. BARTLETT as County Clerk of Oneida County, Appellant, v HERBERT B. EVANS as Chief Administrative Judge of the Courts, et al., Respondents.

We note at the outset that although plaintiff Mary Lou Bartlett is no longer the Oneida County Clerk, having been succeeded in that office by Sandra Caruso, effective January 1,

1984, we decline to dismiss this appeal as moot due to the importance of the issues involved (*see, East Meadow Community Concerts Assn. v Board of Educ.,* 18 NY2d 129; *Matter of Rosenbluth v Finkelstein,* 300 NY 402; 3 Weinstein-Korn-Miller, NY Civ Prac ¶ 3001.05, at 30-28).

On or about May 25, 1983, plaintiff, then County Clerk of Oneida County, commenced the instant action seeking a declaration, *inter alia,* that, as County Clerk, she had the lawful right and power to appoint the chief clerk of the Supreme Court and the clerks of the Supreme Court for the County of Oneida, and that all appointments made in violation of her rights were void. At approximately the same time, plaintiff also moved for a preliminary injunction enjoining the defendants from making any appointments "for the position of Deputy County Clerk, Chief Clerk, Chief Clerk of the Court or Court Clerk of the County of Oneida * * * or any other positions under the jurisdiction and authority of the County Clerk of Oneida County".

By notice of motion dated July 7, 1983, defendants Herbert B. Evans, the Chief Administrative Judge of the Courts, and the Office of Court Administration of the State of New York moved for summary judgment in the Supreme Court, Westchester County, the county to which venue had been changed. In support of their motion, defendants asserted that plaintiff had no power to make appointments to positions in the Supreme Court and County Court in Oneida County, inasmuch as the power to appoint employees in the Supreme Courts and County Courts throughout the State rested with defendant Chief Administrator of the Courts. Special Term denied plaintiff's motion for a preliminary injunction, and granted defendants' motion for summary judgment on the basis that "as regards individuals designated as Deputy County Clerks whose duties involve primarily court matters, as well as clerks assigned to perform duties within the court system, the exclusive power of appointment resides in the Chief Administrative Judge".

Special Term's determination was proper. In *Durante v Evans* (94 AD2d 141, *affd* 62 NY2d 719), the five New York City County Clerks claimed that pursuant to County Law §§ 911, 912, they had the power of appointment over the positions of counsel and deputy clerk in their offices. The courts, in rejecting the New York City County Clerks' claim, held that the Chief Administrator had the exclusive power of appointments over the positions at issue. The Appellate Division, Third Department, noted that the constitutional amendments of 1962 and 1978, by which the State courts were reorganized and a Unified Court System was created, "standing alone, are sufficient to establish

that sections 911 and 912 of the County Law * * * are no longer extant" (*Durante v Evans, supra,* p 143). The court also stated the following (p 144): "Next, as explained by the Court of Appeals in *Matter of Browne* [*sic*] *v County of Nassau* (37 NY2d 75, *supra*) and *Corkum v Bartlett* (46 NY2d 424, *supra),* the main purpose of the 1962 and 1978 court reorganization amendments was to consolidate the supervisory power over the various courts of the State's judicial system in the Administrative Board and later in the Chief Judge. The grant of administrative power contained in these amendments is not a limited one. Rather, the power granted thereby is 'complete' (*Corkum v Bartlett, supra,* p 429), and has been interpreted to embrace 'the power to deal with all personnel matters' (*Matter of Blyn v Bartlett,* 39 NY2d 349, 357). It follows, then, that the administrative power granted by the 1962 and 1978 constitutional amendments includes the power of appointment over nonjudicial personnel".

Notwithstanding the facts that the Oneida County Clerk is an elected official (*see,* NY Const, art XIII, § 13 [a]), while the New York City County Clerks are now appointed by the Appellate Divisions, and that the State only pays a portion of the Oneida County Clerk's expenses, while incurring all the expenses of the New York City County Clerks, the sweeping constitutional enactments created by the 1962 and 1978 court reorganizations justify a similar result herein (*see, Corkum v Bartlett,* 46 NY2d 424, *supra; Matter of Blyn v Bartlett,* 39 NY2d 349). Finally, we reject plaintiff's claim that NY Constitution, article VI, § 6 (e), which provides that "[t]he clerks of the several counties shall be clerks of the supreme court, with such powers and duties as shall be prescribed by law", gives her the sole appointing power over positions of lesser clerks serving within the Supreme Court. As properly noted by Special Term, plaintiff's view "ignores the magnitude of the changes effected in the Court system by the Constitutional Amendments of 1962 and 1978".

While Special Term correctly assessed the scope of the Chief Administrator's power of appointment, it erred in dismissing the complaint. Since plaintiff commenced a declaratory judgment action, the court should have declared the rights of the parties by directing the entry of a declaration in favor of defendants rather than dismissing the complaint (*see, Hirsch v Lindor Realty Corp.,* 63 NY2d 878, 881; *Holliswood Care Center v Whalen,* 58 NY2d 1001, 1004; *Lanza v Wagner,* 11 NY2d 317, 334, *appeal dismissed* 371 US 74).

Consequently, the order is modified in accordance herewith. Gibbons, J. P., Weinstein, Brown and Eiber, JJ., concur.