■ JOHN R. TENNEY et al., Appellants, v ROBERT J. SISE, as Chief Administrative Judge of the State of New York, Respondent.—Levine, J. Appeal from an order and judgment of the Supreme Court at Special Term (Torraca, J.), entered June 14, 1985 in Albany County, which, *inter alia,* granted defendant's cross motion for summary judgment and declared that the Chief Administrative Judge has the exclusive power to appoint employees in the Oneida County Supreme Court law library and to establish personnel policies with respect to such appointments.

Plaintiffs constitute the Board of Trustees of the Oneida County Supreme Court law library. After a vacancy occurred in the position of law librarian for the library, the State Office of Court Administration proceeded to implement the applicable rules of the Chief Judge *(see,* 22 NYCRR part 25) for filling the vacancy through appointment from a civil service eligible list after competitive examination. Plaintiffs, invoking the statutory authority to hire and fire library personnel specifically granted them under Judiciary Law § 816-a (3) (L 1973, ch 1043), brought the instant action to declare that defendant, then Chief Administrative Judge of the Unified Court System, lacked legal power to make the appointment. Special Term granted defendant's cross motion for summary judgment and declared that defendant has the exclusive power to appoint employees of the library and to establish personnel policies with respect to such appointments. This appeal ensued.

There should be an affirmance. As this court held in *Durante v Evans* (94 AD2d 141, 144-145, *affd* 62 NY2d 719) and the Second Department similarly held in *Bartlett v Evans* (110 AD2d 612), the 1962 amendment to the State Constitution's judiciary article consolidated administrative supervision of the

Unified Court System in the Administrative Board of the Judicial Conference (NY Const, art VI, § 28, repealed Apr. 1, 1978), and the 1978 amendment transferred that power to the Chief Judge and provided that it may be delegated to the Chief Administrator of the Courts (NY Const, art VI, § 28, eff Apr. 1, 1978). It was further held that, by necessary implication and authoritative judicial interpretation, these amendments had the effect of conferring the exclusive power to appoint nonjudicial personnel of the court system on the Chief Judge and to render invalid any legislation under which specific nonjudicial positions in the system are to be filled by other officers or public bodies. Concededly, Supreme Court law libraries are part of the court system and are totally financed through the judicial budget.

Contrary to plaintiffs' contention, the *Durante* and *Bartlett* cases are not distinguishable on the ground that the statutory provisions overruled in those cases (County Law §§ 911, 912) predated the 1962 and 1978 amendments to the Constitution, whereas here, Judiciary Law § 816-a was enacted after the 1962 amendment and parallel legislation for other county Supreme Court law libraries has even been enacted after the 1978 amendment. The 1962 amendment also incorporated into the Constitution a provision that "[e]xisting provisions of law *not inconsistent* with this article shall continue in force until repealed, amended, modified or superseded" (NY Const, art VI, § 33 [emphasis supplied]). Thus, the invalidation of the preexisting sections of the County Law in *Durante* and *Bartlett* had to have been based upon their inconsistencies with the necessary implication of the 1962 and 1978 constitutional reorganizations of the court system. Legislation enacted after the adoption of the applicable provisions of the Constitution may likewise be invalidated by reason of its "contravening what the Constitution necessarily implies" *(Matter of Hopper v Britt,* 203 NY 144, 149). The inconsistency remains fatal to the subsequent legislation, notwithstanding the failure here of the Legislature or indeed even of court administrators to perceive the conflict with the Constitution at the time of its enactment.

Order and judgment affirmed, without costs. Main, J. P., Mikoll, Yesawich, Jr., and Levine, JJ., concur.