■ J.M. BRAUN BUILDERS, INC., et al., Respondents, v MARYLAND CASUALTY COMPANY et al., Appellants, et al., Defendants. (Appeal No. 1.)—Order unanimously modified on the law and as modified affirmed without costs, in accordance with the following memorandum: Plaintiffs, insureds under a policy issued by defendants, seek a declaration that defendants are obligated to indemnify them with respect to all claims set forth in the underlying complaints; that plaintiffs may employ defense counsel of their own choosing because of a conflict of interest between plaintiffs and defendants; and that plaintiffs are entitled to indemnification beyond the policy limits because of defendants' bad faith. In an order of July 21, 1988, which defendants appeal, the court denied defendants' motion to dismiss plaintiffs' declaratory judgment action. In a subsequent order of August 24, 1988, from which plaintiffs appeal,

the court held, *inter alia,* that defendants and not plaintiffs are entitled to select counsel to defend plaintiffs in the underlying action.

The July 21 order is modified to grant judgment to plaintiffs declaring that defendants are obligated to indemnify them on all underlying claims. Although defendants no longer dispute their obligation to indemnify plaintiffs, we reject defendants' contention that this portion of plaintiffs' action must be dismissed as moot. In accordance with the general rule that a declaratory judgment action should terminate in a declaration of the parties' respective rights and obligations rather than in a dismissal *(see, Hirsch v Lindor Realty Corp.,* 63 NY2d 878, 881; *Bartlett v Evans,* 110 AD2d 612, 614), judgment is entered for plaintiffs.

Similarly, we reject plaintiffs' contention that, because of their bad faith, defendants are obligated to indemnify them beyond the policy limits. Defendants' initial reservation of their right to disclaim under the policy exclusion does not constitute bad faith warranting punitive relief. Therefore, the July 21 order is modified to grant judgment to defendants declaring that they have no obligation to indemnify plaintiffs beyond the policy limits.

The July 21 order is further modified to grant judgment to defendants declaring that they are entitled to select defense counsel. The insurance policy grants defendants the right to control the litigation *(see, Auerbach v Maryland Cas. Co.,* 236 NY 247, 252). Because defendants have withdrawn their reservation of rights, there is no longer any conflict between defendants and plaintiffs, and thus no need for plaintiffs to employ independent counsel *(cf., Public Serv. Mut. Ins. Co. v Goldfarb,* 53 NY2d 392, 401).

Consistent with the foregoing, the order of August 24, 1988, insofar as appealed from by plaintiffs, is affirmed. (Appeal from order of Supreme Court, Erie County, Rath, J.—dismiss complaint.) Present—Dillon, P. J., Callahan, Denman, Green and Pine, JJ.