[621 NYS2d 407]

In the Matter of FRED W. SCORALICK, as Sheriff of Dutchess County, et al., Respondents, v E. LEO MILONAS, as Chief Administrator of the Courts, et al., Appellants.

Third Department, January 12, 1995

APPEARANCES OF COUNSEL

*Michael Colodner,* New York City, for appellants.

*McGovern, Kehoe & Mitchell,* Troy *(Thomas Mitchell* of counsel), for respondents.

## OPINION OF THE COURT

MERCURE, J.

The individual petitioners in this proceeding, Sheriffs of Dutchess, Putnam, Rockland and Orange Counties, have traditionally provided court security services in their Counties, initially as a common-law function and subsequently pursuant to Judiciary Law § 403. Since the enactment of the Unified Court Budget Act (L 1976, ch 966), the State has reimbursed the Counties for at least a portion of the cost of these services *(see,* Judiciary Law § 39 [3] [b]) pursuant to standard court security service contracts. In 1993, respondents made a decision to replace locally employed security personnel in these Counties with State-employed court officers effective at the close of business on January 11, 1995. Petitioners commenced this CPLR article 78 proceeding to invalidate respondents' actions, claiming that respondents exceeded their authority in assuming control of respondent Unified Court System's internal security services and that the Counties' security service contracts were improperly canceled. Supreme Court (Torraca, J.) rendered a decision granting the petition, and respondents appeal from the judgment entered thereon.

We reverse. As correctly argued by respondents, statutory provisions authorizing or even requiring a Sheriff to provide security in the courts must yield to the superseding authority of respondent Chief Administrator, derived from NY Constitution, article VI, § 28 (b), to "supervise the administration and operation of the unified court system". This "unqualified constitutional statement" transferred "complete" administrative supervision of the Unified Court System to the Chief Judge of the State of New York and, by delegation, to the Chief Administrator *(Corkum v Bartlett,* 46 NY2d 424, 428, 429; *see, Matter of Met Council v Crosson,* 84 NY2d 328, 334-335; *Tenney v Sise,* 122 AD2d 370, *appeal dismissed* 68 NY2d

910; *Durante v Evans,* 94 AD2d 141, 143-144, *affd* 62 NY2d 719). The effect was to confer upon the Chief Administrator "the exclusive power to appoint nonjudicial personnel of the court system * * * and to render invalid any legislation under which specific nonjudicial positions in the system are to be filled by other officers or public bodies" *(Tenney v Sise, supra,* at 371), even absent an express repeal of the conflicting statutory provisions *(Durante v Evans, supra; see, Matter of Met Council v Crosson, supra).* Under the circumstances, neither Judiciary Law § 403 nor 1983 legislation granting the Chief Administrator authority "in his sole discretion" to decide whether court security services should be provided in Westchester County by State employees (Judiciary Law § 39 [10] [a]) limits the Chief Administrator's authority to assume the court security function in these Counties. Further, to the extent that petitioners attack the wisdom of respondents' action in this regard, we need merely note that "questions of judgment, discretion, allocation of resources and priorities [are] inappropriate for resolution in the judicial arena" *(Matter of Abrams v New York City Tr. Auth.,* 39 NY2d 990, 992).

As a final matter, to the extent that petitioners seek to invalidate respondents' actions, the matter should have been commenced as a declaratory judgment action *(see, Matter of Consolation Nursing Home v Commissioner of N. Y. State Dept. of Health,* 194 AD2d 149, *lv granted* 83 NY2d 759) and will be so converted *(see,* CPLR 103 [c]; *Matter of Wright v Town Bd.,* 169 AD2d 190, *lv denied* 79 NY2d 751).

MIKOLL, J. P., CREW III, WHITE and PETERS, JJ., concur.

Ordered that the judgment is reversed, on the law, without costs, proceeding converted to an action for declaratory judgment, and it is declared that respondents have not acted in excess of their jurisdiction and that their actions have not been shown to be arbitrary, unreasonable or capricious.