JOHN B. OLMSTED et al., Respondents, *v.* JOHN H.
. MEAHL, as County Clerk of the County of Erie, et al.,
Appellants.

ANSLEY WILCOX et al., Respondents, *v.* JOHN H. MEAHL,
Individually and as County Clerk Elect of the County
of Erie, et al., Appellants.

Taxpayer's action — county clerks — county clerks and their
special deputies, appointed for that purpose, are state officers
when performing their duties as clerks of the Supreme Court and
County Court, but a county clerk, in the appointment of such
deputies, acts in his capacity as a county officer — taxpayer's
action will lie to prevent a county clerk from removing special
deputies then holding office and appointing others in violation of
the civil service rules.

1. The right to maintain an action against a public officer to
restrain or prevent the waste of public funds or injury to public
property, or to restrain a threatened illegal official act, is entirely
statutory and is confined to one against officers, agents, commission-
ers, or other persons acting, or who have acted, for or on behalf of
any county, town, city, village or municipal corporation in this
state, and is not given against any person acting for and on behalf
of the state. (Code Civ. Pro. § 1925; Cons. Laws, ch. 24, § 51.)

2. A county clerk and special deputy clerks appointed by him are,
in the performance of their duties as clerks of the Supreme Court or

County Court, state officers performing state functions and not subject to control by action pursuant to either of the Taxpayers' Acts, but a county clerk in the appointment of his special deputies is performing a duty expressly imposed upon him by the legislature to be performed in his capacity as a county officer, and a taxpayer's action will lie against him upon the grounds stated in the Code and statute.

3. Where a complaint in an action brought the day before a county clerk was about to enter on the duties of his office alleges in substance that such clerk after he had taken the oath of office publicly stated that he would, immediately upon entering upon the discharge of the duties of his office, appoint new special deputy county clerks in place of those then in office without obeying the Civil Service Law or the rules and regulations of the state civil service commission, and further alleged that such appointments would be illegal, and that by such illegal acts the property of the taxpayers would be wrongfully diverted and wasted, such threatened acts were immediately connected with the discharge of the duties of county clerk, and so imminent that an action to restrain them should be sustained as within the fair construction of the Taxpayers' Acts.

*Olmsted* v. *Meahl,* 172 App. Div. 263, affirmed.
*Wilcox* v. *Meahl,* 172 App. Div. 263, affirmed.

(Argued October 4, 1916; decided November 21, 1916.)

APPEAL, by permission, in the first entitled action, from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered March 25, 1916, which affirmed an order of Special Term denying a motion by defendants to vacate a temporary injunction.

Appeal, by permission, in the second entitled action, from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered March 25, 1916, which affirmed an order of Special Term annulling an order vacating a preliminary injunction herein previously granted and declaring such preliminary injunction in full force and effect.

The following question was certified in each case: "Does the complaint state facts sufficient to constitute a cause of action?"

## ACTION No. 1.

The defendant Meahl was elected county clerk of the county of Erie at the general election in November, 1915, and he duly filed his official oath of office and bond as required by law. His term began on the first day of January, 1916, and continues for three years. The Supreme Court in the county of Erie is held in five parts, designated from one to five inclusive, and for several years a special deputy county clerk has been appointed for each of said parts, also a special deputy county clerk for the Special Terms of the Supreme Court and a special deputy county clerk for the County Court of said county.

On the day of the commencement of this action there was a person holding the position of special deputy county clerk for each of the parts of the Supreme Court, and for said Special Terms, and for the County Court of the county of Erie, appointed by and holding his position under the defendant Meahl's predecessor in office. Prior to December, 1914, the position of special deputy county clerk in the county of Erie had been classified by the civil service commission of the state of New York in the exempt class. Subsequently and while the special deputy county clerks holding their positions January 1, 1916, were so holding their positions, the state civil service commission transferred said positions to the competitive class. At the time of the commencement of this action the defendant Meahl threatened to appoint special deputy county clerks for said positions in the place of those then holding such positions without calling on the state civil service commission for an eligible list or for names from an eligible list qualified for appointment. This action was brought to restrain such action of the defendant Meahl, and to further restrain him from removing the special deputy county clerks then holding their positions until appointments were made as provided by the Civil Service Law and the rules and regulations of the state civil service commission.

Further facts appear in the opinion.

*Edward Hatch, John T. Ryan, Paul J. Batt* and *Percy S. Lansdowne* for appellants. The defendant John H. Meahl, as clerk of the Supreme Court and of the County Court of Erie county, is a state officer, and his special deputy clerks in said courts are state officers; therefore, he acts for and on behalf of the state in making such appointments; there is no authority for bringing this action, and the court is without jurisdiction herein. (*Greene* v. *Knox*, 175 App. Div. 432; *Whitmore* v. *Mayor, etc.*, 5 Hun, 195; *Quinn* v. *Mayor, etc.*, 24 How. Pr. 266; 53 N. Y. 627; *Landon* v. *Mayor, etc.*, 7 J. & S. 467; *Stewart* v. *Mayor, etc.*, 15 App. Div. 548; *People ex rel. Gilchrist* v. *Murray*, 73 N. Y. 535; *Whitmore* v. *Mayor, etc.*, 67 N. Y. 21; *People ex rel. Phelps* v. *General Sessions*, 13 Hun, 395; *Hutchinson* v. *Skinner*, 21 Misc. Rep. 729; *Matter of Reynolds*, 202 N. Y. 430.) A taxpayer's action will not lie to test the title to public office, and all attempts to so pervert such an action should be discouraged. (*Matter of Reynolds*, 202 N. Y. 430; *Melody* v. *Goodrich*, 67 App. Div. 368; *Matter of Simons* v. *McGuire*, 204 N. Y. 256; *People ex rel. Brenner* v. *Scannel*, 62 App. Div. 249.)

*Simon Fleischmann* and *Basil H. Robillard* for respondents. The court had jurisdiction and the injunction was valid. (L. 1909, ch. 29, § 51; *Wenk* v. *City of New York*, 171 N. Y. 607.) This action can be maintained against Meahl as county officer and against the other defendants as necessary parties. (Const. of N. Y. art. 10, § 1; *Standard* v. *Burtis*, 46 Hun, 82; *Wenk* v. *City of New York*, 171 N. Y. 607; *McCrea* v. *Chahoon*, 54 Hun, 577.) The questions here to be considered are properly raised in a taxpayer's action. (*Brill* v. *Miller*, 140 App. Div. 602; *Bush* v. *O'Brien*, 164 N. Y. 205; *Parfitt* v. *Furguson*, 159 N. Y. 111; 3 App. Div. 176; *Bush* v. *Coler*, 60 App. Div. 56; 170 N. Y. 587; *Wenk* v. *City of New York*, 171 N. Y. 607.)

18

CHASE, J. This is a taxpayer's action. The courts of this state hold that at common law a taxpayer, as such, has no right of action against a public officer to restrain or prevent the waste of public funds or injury to public property, or to restrain a threatened illegal official act. (*Altschul* v. *Ludwig*, 216 N. Y. 459, 464; *Admiralty Realty Co.* v. *City of New York*, 76 Misc. Rep. 345; affd., on opinion below, 151 App. Div. 888; affd., 206 N. Y. 110.) Such an action may be maintained pursuant to the provisions of section 1925 of the Code of Civil Procedure, or section 51 of the General Municipal Law, (Cons. Laws, ch. 24) and is recognized by section 28 (formerly 27) of the Civil Service Law. The authority therefor, if at all, must be found in such statutes, or one of them. (*Greene* v. *Knox*, 175 N. Y. 432; *Steele* v. *Village of Glen Park*, 193 N. Y. 341; *Slavin* v. *McGuire*, 205 N. Y. 84.)

Section 1925 of the Code of Civil Procedure provides: "An action to obtain a judgment, preventing waste of, or injury to, the estate, funds, or other property of a county, town, city or incorporated village of the state may be maintained against any officer thereof, or any agent, commissioner, or other person, acting in its behalf, either by a citizen, resident therein, or by a corporation who is assessed for and is liable to pay, or, within one year before the commencement of the action, has paid, a tax therein * * *."

Section 51 of the General Municipal Law provides that an action may be maintained as therein stated against "All officers, agents, commissioners and other persons acting, or who have acted, for and on behalf of any county, town, village or municipal corporation in this state, and each and every one of them, * * * to prevent any illegal official act on the part of any such officers, agents, commissioners or other persons, or to prevent waste or injury to, or to restore and make good, any property, funds or estate of such county, town, village or municipal corporation by any person or corporation * * *."

Both statutes clearly confine the right to maintain an action as by its terms provided, to one against officers, agents, commissioners, or other persons acting, or who have acted, for or on behalf of any *county, town, city, village or municipal corporation in this state.*

The right to maintain an action is not given against an officer, agent, commissioner or other person acting for and on behalf of the state. We must in this case, therefore, first determine whether the defendant Meahl, in the performance of the proposed acts mentioned in the complaint, would be acting in behalf of the county of Erie or the state of New York.

The county clerk is a constitutional officer. (Constitution State of New York, art. 10, § 1.) Although a constitutional officer he is, while in the performance of his general duties as county clerk, a local, viz., a county officer. It is also provided by the Constitution that "Clerks of the several counties shall be clerks of the Supreme Court, with such powers and duties as shall be prescribed by law." (Constitution of the State of New York, art. 6, § 19.) County clerks are also clerks of the County Courts. The right of the county clerk either personally or through deputies to be clerk of the courts is constitutional, and the legislature may not transfer any of his essential functions to a different officer chosen in a different manner. (*People ex rel. Wogan* v. *Rafferty,* 208 N. Y. 451.) The county clerk as a clerk of the courts is a state officer and in the performance of his duties as such is performing the duties of a state officer. In so acting he is a part of the judicial system of the state. Such system is not bounded by county or other lines which subdivide the state.

The legislature, pursuant to the Constitution, has provided by law for the appointment of special deputy clerks. Section 169 of the County Law (Cons. Laws, ch. 11, amd. L. 1915, ch. 345) provides: "In every county other than the counties of Queens, Westchester, Dutchess, Orange

and Rockland the county clerk may, from time to time, by an instrument in writing, filed in his office, appoint, and at pleasure remove, one or more special deputy clerks to attend upon any or all of the terms or sittings of the courts of which he is the clerk, * * *. Each person so appointed must, before he enters upon the duties of his office, subscribe and file in the clerk's office the constitutional oath of office; and he possesses the same power and authority as the clerk at any sitting or term of the court which he attends, with respect to the business transacted thereat * * *."

The decisions of the courts are numerous that in substance sustain the conclusion that a county clerk when actually engaged as a clerk of the courts and his special deputies acting in his behalf as such court clerks are part of the judicial system of the state and state officers. (*Quin* v. *Mayor, etc., of N. Y.*, 44 How. Pr. 266; affd., 53 N. Y. 627; *Whitmore* v. *Mayor, etc., of N. Y.*, 5 Hun, 195; affd., 67 N. Y. 21; *Landon* v. *Mayor, etc.*, 39 Superior Court, 467; *People ex rel. Phelps* v. *Court of General Sessions of the County of New York*, 13 Hun, 395; *Taylor* v. *Mayor, etc., of N. Y.*, 67 N. Y. 87, 93; *Stewart* v. *Mayor, etc., of N. Y.*, 15 App. Div. 548; *People ex rel. Gilchrist* v. *Murray*, 73 N. Y. 535; *Slavin* v. *McGuire*, 205 N. Y. 84; *Schieffelin* v. *Komfort*, 212 N. Y. 520.)

In *County of Albany* v. *Hooker* (204 N. Y. 1), Chief Judge CULLEN, in his concurring opinion, said: "The Taxpayers' Act * * * authorizes such actions against only municipal corporations and their officers, not against state officers. Hence an action to restrain the expenditure of state moneys on the highways mentioned in the complaint, if such expenditure is illegal, can be brought by the people of the state alone." (p. 19.)

In *Matter of Reynolds* (202 N. Y. 430, 441) the authority to bring an action as a taxpayer under the statutes quoted was considered where the money to be expended was city money and the officers whose action was sought to be con-

trolled acted locally and were appointed by local authority, and the court say: "Who are the officers whose illegal acts may be restrained ? Only those 'acting or who have acted for or on behalf of' the municipal corporation. The defendants, the city board of elections, doubtless are local officers, but no relation of principal and agent, or of master and servant, exists between them and the city. [Quoting authorities.] They did not act on behalf of the municipal corporation, but for the public in the control and direction of the machinery of the general elections of the state. * * * The intention of the Taxpayers' Acts is doubtless to afford the taxpayers redress for the waste, fraud and peculations of public officers, but it was never intended thereby to confer on courts of equity jurisdiction over a subject which had always been excluded from their cognizance."

It is clear, therefore, upon authority that the county clerk and each of the special deputy clerks appointed by him in the performance of their duties as clerks of the Supreme Court or as a clerk of the County Court are state officers performing state functions and not subject to control by action pursuant to the Taxpayers' Acts or either of them. There remains the narrow question, whether the county clerk in appointing his special deputy clerks, acts in behalf of the courts and the state, or in behalf of the county in which he is elected the county clerk.

The constitutional designation of the "clerks of the several counties" to act as clerks of the Supreme Court is descriptive of the persons designated. It is to be noted that a county officer is so designated and that a person selected by the electors of the county should be called upon to perform the duties of that office. As we have seen, the county clerk is a county officer, while the same person acting as clerk of the Supreme Court is a state officer. The former position he holds by election, the latter by constitutional designation. The positions are separate — one local and the other statewide. The latter

position is not statewide so far as the place in which the incumbent exercises jurisdiction or as regards the source from which he obtains his compensation. It is only statewide in the very acts that constitute a part of the judicial system. The county clerk should not, therefore, be considered as acting in his capacity as a state officer except as he performs acts that are in themselves a part of the judicial system. The state in the maintenance of its judicial system relies upon the counties to provide the necessary assistants for the clerk of the court, as it relies upon them to provide places in which to hold the courts and for heating, lighting, and generally maintaining the same. It is impossible in the large counties for one person to perform personally all the duties required of a clerk of the courts. The legislature has expressly provided that the *county clerk* shall appoint deputy clerks to attend upon the terms and sittings of the courts for which he is constitutionally designated as clerk. While the special deputy clerks are state officers, the act of appointing such deputies as provided by statute is not in itself a state function any more than the appointment of policemen by the board of trustees of a village pursuant to the Village Law (Cons. Laws, ch. 64) or the appointment of policemen and firemen by the commissioners of public safety of second class cities pursuant to the Second Class Cities Law (Second Class Cities Law, article 9) and many other acts of boards of supervisors, sheriffs, district attorneys and municipal officers that are incidentally and collaterally connected with the work of the state judicial system. We repeat that the power to make the appointments is in terms given to the *county clerk* and not to clerks of the courts. The munificent purposes of the Taxpayers' Acts will be best subserved if the county clerk in the appointment of special deputy county clerks is deemed to be acting as a local officer.

The appellants state in their brief that their only contention in this court is that the action will not lie because the

defendant Meahl upon the facts alleged in the complaint has not acted and was not acting as a county official.

We are of the opinion that a county clerk in the appointment of his special deputies is performing a duty expressely imposed upon him by the legislature to be performed in his capacity as a county officer.

In view of the statement in the appellants' brief it is unnecessary for us to consider the other questions that have been urged or suggested in the courts below except to say that they do not require a negative answer to the question submitted herein.

The order of the Appellate Division should be affirmed, with costs, and the question certified answered in the affirmative.

HISCOCK, CUDDEBACK, HOGAN, CARDOZO and POUND, JJ., concur; WILLARD BARTLETT, Ch. J., absent.

Order affirmed.

ACTION NO. 2.

*Edward W. Hatch* for appellants.

*Simon Fleischmann* for respondents.

CHASE, J. This action was commenced December 31, 1915, before the defendant Meahl had actually entered upon the discharge of his duties as county clerk. He had been duly elected to that office at the general election in November, 1915, and had taken his official oath of office and filed his bond. The complaint alleges in substance that he publicly stated that he would, immediately upon entering upon the discharge of the duties of his office, appoint new special deputy county clerks in place of those then in office without obeying the Civil Service Law or the rules and regulations of the state civil service commission, and it further alleged that such appointments would be illegal, and that by such illegal acts the property of the taxpayers would be wrongfully diverted and wasted. The threatened acts of the defendant Meahl were immediately connected with the discharge of his

duties as county clerk, and so imminent that the action should be sustained as within the fair construction of the Taxpayers' Acts. The purpose of the acts is to *prevent* illegal action, and they assume that action will be taken before the illegal acts are consummated.

The threatened acts of the defendant Meahl were not to be performed in his capacity as a state officer. (*Olmsted* v. *Meahl*, 219 N. Y. 270, handed down herewith.)

The order should be affirmed, with costs, and the question certified answered in the affirmative.

HISCOCK, CUDDEBACK, HOGAN, CARDOZO and POUND, JJ., concur; WILLARD BARTLETT, Ch. J., absent.

Order affirmed.