SAMUEL H. ORDWAY, Plaintiff, *v.* TIMOTHY A. LEARY, as President Justice of the Municipal Court of the City of New York, and Others, Defendants.

*Supreme Court, New York County, November 30, 1927.*

Injunctions — taxpayer's action — Civil Service Law, § 28 (as amd. by Laws of 1914, chap. 513), providing for bringing of taxpayer's action for violating Civil Service Law, grants no immunity to officer acting in behalf of State — complaint in taxpayer's action alleges defendant, as president justice of Municipal Court of City of New York, appointed clerks to individual justices and thereafter assigned them to perform duties of assistant clerks of said court — complaint further alleges that appointments were made to evade appointing from competitive eligible lists in existence and states good cause of action — defendant's motion to dismiss complaint as to himself on ground that in making appointments he was acting as State officer, denied.

Section 28 of the Civil Service Law (as amd. by Laws of 1914, chap. 513), which provides for the bringing of a taxpayer's action to restrain the payment of salary to any person appointed in violation of any of the provisions of the Civil Service Law, grants no immunity to an officer acting in behalf of the State.

Accordingly, the complaint in this taxpayer's action states a good cause of action, which alleges that defendant, as president justice of the Municipal Court of the City of New York, has appointed clerks to individual justices of said court, that he thereafter assigned them to perform the duties of assistant clerks of said court for the purpose of evading the requirement of appointing assistant clerks from competitive eligible lists now in existence and that the defendant has been certifying the names of said appointees to the municipal civil service commission and to the comptroller of the city of New York for payment of salary,

which he will continue to do unless restrained therefrom. Since plaintiff's right to bring an action against defendant is not limited, the defendant's motion to dismiss the complaint as to himself, on the ground that in making the appointments complained of he was acting as a State officer, must be denied.

TAXPAYER'S action to restrain payment of salary to persons alleged to have been appointed in violation of the Civil Service Law.

R. *Emmet Digney,* for the defendant Leary, for the motion.

H. *Eliot Kaplan,* for the plaintiff, opposed.

FRANKENTHALER, J. The complaint alleges that the defendant Leary, as president justice of the Municipal Court of the City of New York, has appointed or purported to appoint clerks to individual justices of the court whom he has, however, assigned to perform the duties of assistant clerks of the Municipal Court and who have been ever since their appointment and are now performing the duties of assistant clerks; that the purpose of these appointments has been " to evade the requirement of appointing the ten assistant clerks from competitive eligible lists now in existence," and that the defendant Leary has been certifying the names of said appointees to the municipal civil service commission and the comptroller of the city of New York for payment of salary and will continue to do so unless restrained therefrom. Accordingly, an injunction is prayed for enjoining said defendant Leary from continuing to submit to the municipal civil service commission payrolls for the payment of salary to said persons and restraining the comptroller and the chamberlain from paying any moneys to said appointees. Section 14 of the Civil Service Law (as amd. by Laws of 1911, chap. 547) provides that " no person shall be appointed or employed under any title not appropriate to the duties to be performed." Section 28 of the same statute (as amd. by Laws of 1914, chap. 513) provides for the bringing of a taxpayer's action to restrain the payment of salary to any person appointed in violation of any of the provisions of the Civil Service Law. It seems to me, therefore, that the complaint states a good cause of action. Defendant Leary contends, however, that he is a State officer, and, as such, immune from suit at the instance of a taxpayer. Prior to 1914 the remedy of a taxpayer's action was allowed by section 1925 of the Code of Civil Procedure and section 51 of the General Municipal Law and was recognized by section 28 of the Civil Service Law. Both section 1925 of the Code and section 51 of the General Municipal Law provided in express terms that the action could be brought against persons acting on behalf of any county, town, village or municipal corporation. The remedy being unknown at common law it was repeatedly held that it could be

invoked only in the circumstances and against the persons specifically enumerated in the statutes referred to. Accordingly, no taxpayer's action could be brought against any one in connection with services performed by the latter on behalf of the State. It should be noted, however, that until the year 1914 section 28 of the Civil Service Law began with the words: " The right of any taxpayer to bring an action to restrain the payment of compensation to any person * * * in violation of any of the provisions of this chapter, shall not be limited or denied by reason of the fact that said office, place or employment shall have been classified as, or determined to be, not subject to competitive examination." Clearly, the section in that form was subject to all the limitations with regard to the maintenance of taxpayers' actions which are to be found in the sections of the Code and of the General Municipal Law already adverted to. Section 28 merely stated that the right to maintain a taxpayer's action, where it might otherwise lie, was not to be affected by reason of the fact that the office to which the appointment had been made had been classified as not subject to competitive examination. The purpose of the section was evidently to avoid the effect of the decision in *Chittenden* v. *Wurster* (152 N. Y. 345), which had been interpreted as requiring the setting aside of an improper classification in a direct proceeding for that purpose before any steps could be taken by means of a taxpayer's action to declare void an appointment made pursuant to such a classification. (*Greene* v. *Knox*, 175 N. Y. 432.) In 1914, however, section 28 was amended (Laws of 1914, chap. 513) to read as it does at present: "Any taxpayer shall have the right to bring an action in the supreme court to restrain the payment of salary or other compensation to any person appointed to or holding any office, place or employment in violation of any of the provisions of this chapter, and such right shall not be limited or denied by reason of the fact that said office, place or employment shall have been classified as, or determined to be, not subject to competitive examination." It seems reasonably clear that the purpose of the amendment was to permit the bringing of taxpayers' actions to restrain the payment of compensation in violation of the Civil Service Law in situations where neither section 1925 of the Code (omitted in the Civil Practice Act) nor section 51 of the General Municipal Law would countenance resort to that remedy. Instead of the former provision that the right to bring a taxpayer's action shall not be limited because of the classification of the position as non-competitive, we find in the amended section the statement that " any taxpayer shall have the right to bring an action in the supreme court to restrain the payment of salary * * *." It then goes on to embody the

contents of the superseded section by adding the words " and such right shall not be limited or denied " by reason of a non-competitive classification. . Unless the amendment is to be regarded as meaningless and vain, the section as it now reads must be construed as permitting a taxpayer's action to restrain the payment of salary in violation of the Civil Service Law without any limitation that the defendants must be agents of a local subdivision of the State, and as affording no immunity to an officer acting on the State's behalf. The motion of defendant Leary to dismiss the complaint as to himself on the ground that in making the appointments complained of he was acting as a State officer must accordingly be denied. Cases such as *Olmsted* v. *Meahl* (219 N. Y. 270); *Slavin* v. *McGuire* (205 id. 84), and *Kelty* v. *Kaplan* (205 App. Div. 487) contain nothing inconsistent with the views herein expressed. In the *Olmsted* case no injunction against the payment of salary was sought, and section 28 could accordingly play no part in the decision. The *Slavin Case* (*supra*) was decided prior to the amendment of section 28 in 1914. In the *Kelty Case* (*supra*) the court held that a taxpayer's action would not lie for other reasons, and there was accordingly no discussion of the point involved on this motion. These decisions, therefore, throw no light upon the situation here presented. The motion of defendant Leary for a dismissal of the complaint, for judgment in his favor pursuant to rule 112 of the Rules of Civil Practice, and for an order vacating the notice for his examination before trial is denied. The examination is directed to proceed at Special Term, Part II, on the 7th day of December, 1927, at ten o'clock in the forenoon, said examination to be restricted in accordance with the order of this court heretofore made modifying said notice.