ASHLAND EQUITIES CO., Respondent, v CLERK OF NEW YORK COUNTY, Appellant, et al., Defendants.

First Department, August 22, 1985

APPEARANCES OF COUNSEL

*Edward H. Honig* of counsel (*Honig & Orbach,* attorneys), for respondent.

*Frederic L. Lieberman* of counsel (*Caren S. Brutten* with him on the brief; *Robert Abrams, Attorney-General,* attorney), for appellant.

OPINION OF THE COURT

SULLIVAN, J. P.

This appeal presents the issue of whether the Clerk of New York County is a State officer when recording a lis pendens filed against real property. We conclude that he is.

On or about September 15, 1982, plaintiff's assignor entered into a contract of sale with Baroukh Sasouness for the purchase of a certain parcel of real property known as 525-527-529 West 49th Street in New York City. Under the terms of the contract the premises were to be transferred to the buyer vacant and free of all tenants, lessees and occupants. Previously, on May 7, 1982, a lis pendens had been filed with the Clerk of New York County against the property by one Vega, a former tenant of 525 West 49th Street, in connection with an action entitled "D. Scott et al. v. Baroukh Sasouness and DHPD of the City of New York", in which D. Scott, E. Vega and L. Santalia sought, *inter alia,* an

order granting them repossession of their apartments. Apparently, the lis pendens had been inaccurately and incorrectly filed by the Clerk.

Sometime thereafter, the contract was assigned to plaintiff. After a title search which, as a result of the improper filing, failed to disclose the Vega lis pendens, plaintiff completed the sale and, in reliance on the purported accuracy of the title search, took title to the property subject to any properly recorded lien, encumbrance or lis pendens but without actual notice of the Vega lis pendens. Apparently, plaintiff first learned of the lis pendens in May 1984, when Vega commenced a proceeding in the Civil Court seeking to enforce her claim to a right of occupancy in the 525 West 49th Street premises.

Plaintiff thereafter commenced this action in the Supreme Court, New York County, seeking $2,500,000 in damages against the Clerk and others, and alleging, as against the Clerk, negligence in the docketing of the lis pendens. The Clerk moved to dismiss the complaint against him on the grounds that a State officer cannot be sued in the Supreme Court for alleged negligence in performing his official duties, and that he is immune from liability since the recording of a lis pendens is a governmental function to which the State's sovereign immunity attaches.

Special Term denied the motion, finding that in filing a lis pendens the Clerk was acting as a local county official and thus was amenable to the jurisdiction of the Supreme Court, and that he was not immune from liability for his negligence since the filing was purely a ministerial function and not a sovereign act. This appeal followed. Since we find that in recording a lis pendens a county clerk acts as a State officer, any claim against him, based upon his negligence in filing such instrument, is cognizable only in the Court of Claims. Accordingly, we reverse and grant the motion to dismiss.

The county clerk has traditionally been viewed as an officer performing dual roles. On one hand, while performing his duties as clerk of the Supreme Court or County Court, the clerk is a State judicial officer imbued with the power and qualified immunity inherent in that position. By contrast, in the performance of his general duties he is, although a constitutional officer (NY Const, Art XIII, § 13 [a]), a local officer. This duality of roles was recognized by the Court of Appeals over a half century ago in *Olmsted v Meahl* (219 NY 270, 275): "The county clerk is a constitutional officer. (Constitution State of New York, art. 10, § 1.) Although a constitutional officer he is, while in the

performance of his general duties as county clerk, a local, viz., a county officer. It is also provided by the Constitution that 'Clerks of the several counties shall be clerks of the Supreme Court, with such powers and duties as shall be prescribed by law.' (Constitution of the State of New York, art. 6, § 19.) County clerks are also clerks of the County Courts * * * The county clerk as a clerk of the courts is a state officer and in the performance of his duties as such is performing the duties of a state officer. In so acting he is a part of the judicial system of the state. Such system is not bounded by county or other lines which subdivide the state."

While the nature of the office of the county clerks within the City of New York has been significantly altered since *Olmsted* by subsequent amendments to the State Constitution, the basic dichotomy in the county clerk's role remains. In this regard, we do not view the Third Department's decision in *Durante v Evans* (94 AD2d 141, *affd* 62 NY2d 719) as mandating a different conclusion. The issue there was limited to whether the power of appointment over the positions of counsel and deputy clerk in the offices of the five county clerks within the City of New York was vested in the respective county clerks or in the Chief Administrative Judge of the Unified Court System. The clerks relied upon County Law §§ 911 and 912 (derived from L 1909, ch 16), which, *inter alia,* specifically granted them the power of appointment over these offices. The Chief Administrative Judge argued that sections 911 and 912 had been superseded by various constitutional amendments and statutes enacted pursuant thereto. The court agreed.

In holding that sections 911 and 912 had been abrogated, the *Durante* court (*supra*) relied on the 1935 constitutional amendments specifically altering the method of selection as well as the prescribed duties of the county clerks for the counties within the City of New York, the 1962 court reorganization amendment, and the 1978 amendment vesting in the Chief Judge of the Court of Appeals the general supervisory powers formerly exercised by the Administrative Board and creating the position of Chief Administrator of the Courts. By virtue of these amendments, the court concluded (at p 146), "the exclusive power to appoint individuals to the positions of counsel and deputy clerk in the offices of the county clerks of the counties within New York City is in the Chief Administrative Judge of the Courts".

While the court in *Durante* (*supra,* at p 145) did view the county clerks within the City of New York as, "now wholly within the Unified Court System, while county clerks for the

remaining counties serve dual functions", the former have by no means ceased to carry out local functions imposed upon them by the County Law, as this court and others, in cases decided subsequent to the 1935 constitutional amendments, albeit in a pre-1962 and 1978 constitutional amendment context, have recognized. (*See, e.g., Matter of Bergerman v Byrnes,* 114 NYS2d 416, *affd* 280 App Div 884, *affd* 305 NY 811; *Matter of Shea v Falk,* 10 AD2d 142.)

Under the 1894 Constitution, which *Olmsted (supra)* interpreted, all county clerks performed court, recording and licensing functions. (1894 NY Const, art X, § 1.) The 1935 amendments altered the duties of the county clerks within the City of New York and made clear that their primary function was to serve as clerk of the Supreme Court for their respective counties. (*See,* now NY Const, art VI, § 6 [e].) The recording of instruments affecting real property was, for instance, no longer a primary facet of the office and, indeed, need not be performed by the county clerks at all, unless the City of New York designated them to perform that function.[1] In contrast, county clerks outside the City of New York continued to serve as registers and recorders of all official records. (County Law § 525.) The county clerks within the City of New York were also given exclusive jurisdiction over juror qualification and selection in their counties (1935 NY Const, art X, § 1, renum art IX, § 5 [1938], renum art XIII, § 13 [a] [1964]).[2] In addition, the 1935 amendments authorized county clerks within the City of New York to "have such other powers and duties as shall be prescribed [by the city] from time to time by local law." (NY Const, art X, § 1, now art XIII, § 13 [a] [1973].)

County clerks within the City of New York presently perform such purely local functions as, *inter alia,* accepting for filing the commissions of notaries public (*see,* Executive Law § 131), me-

---

1. In fact, the City of New York has not designated the Clerk of New York County to perform any recording functions for it. Rather, the City Register received the command that "[e]very instrument affecting real estate or chattels real, situated in the counties within the city shall be indexed pursuant to the provisions of this chapter." (Administrative Code of City of New York § 1052-7.0.) The only exception is that the Richmond County Clerk has been designated to record such instruments in that county. (Administrative Code § 1052-12.0.) Thus, the City Register is responsible for the general recording of instruments affecting real property in New York County. (Administrative Code § 1052-8.0.) The city's choice comports with Real Property Law § 290 (4) which defines "recording officer" as "the county clerk of the county, except in a county having a register, where it means the register of the county."

2. In contrast, county clerks outside New York City need not perform any juror selection functions. (*See,* Judiciary Law § 502 [a]; § 504 [a].)

chanics' liens (*see,* Lien Law § 10), the official oaths of certain public officers (*see,* Public Officers Law § 10) and the New York City Finance Administrator's "list of delinquent taxes" (*see,* Administrative Code of City of New York, § D17-5.0 [c]). Thus, although *Olmsted* (219 NY 270, *supra*), which also dealt with a dispute over the appointment of deputy clerks, may have been diluted by subsequent constitutional amendments, its *ratio decidendi* that the county clerk performs dual functions remains valid, even for those county clerks within the City of New York. Thus, we reject the argument that the Clerk of New York County is a State officer for all purposes. Whatever view one takes as to the continued viability of *Olmsted,* however, what cannot be disputed is that in the performance of his duties as clerk of the Supreme Court the New York County Clerk is acting as a State officer.

Since, in our view, the Clerk of New York County still acts in a dual capacity, any claim asserted against him in his official capacity should be examined to determine the capacity in which he is being sued. "Whether a suit is *against* the state is not determined solely by looking at the parties named, but depends also upon the nature of the litigation, the relief sought and the way in which it affects the state." (*Glassman v Glassman,* 309 NY 436, 443.) Here, plaintiff seeks an award of damages for the allegedly negligent recording of a lis pendens on property which it, without actual notice of such lis pendens, subsequently purchased.

A lis pendens puts subsequent purchasers or incumbrancers on notice that the property affected is the subject of pending litigation. "[It] may be filed in any action in a court of the state or of the United States in which the judgment demanded would affect the title to, or the possession, use or enjoyment of, real property * * * [and] is constructive notice, from the time of [its] filing * * * only, to a purchaser from, or incumbrancer against, any defendant named" (CPLR 6501). Thus, a lis pendens exists only in the context of litigation. It "shall be filed in the office of the clerk of any county where property affected is situated, before or after service of summons and at any time prior to judgment" (CPLR 6511 [a]). Although the lis pendens is recorded by the county clerk on nonjudicial records, it is so inherently a part of the judicial process in resolving conflicting interests in real property that its recording amounts to a State function. The State judicial system, as *Olmsted* noted, "is not bounded by county or other lines which subdivide the state" (219 NY, at p 275).

Consequently, the county clerk's duty to record a lis pendens arises directly from his role as clerk of the Supreme Court and not from any general role in the recording of instruments affecting real property, particularly in New York County, where the New York City Register, not the County Clerk, performs that task. (*See,* Real Property Law § 290 [4]; Administrative Code § 1052-8.0.) Since this action was brought against the Clerk for actions taken in his official capacity, it is, in reality, an action against the State of New York and is controlled by the jurisdictional predicates governing such actions. (*Breen v Mortgage Commn.,* 285 NY 425.) In *Breen,* the court held that "if the action is brought against the public agent in his official status, the claim is in fact against the State and may be maintained only in accordance with the consent of the State, *i.e.,* in the Court of Claims" (*supra,* at p 429; *also, Glassman v Glassman,* 309 NY 436, 440, *supra; Matter of Bock v Cooperman,* 89 AD2d 539, 540; *Schaffer v Evans,* 86 AD2d 708, 709, *affd* 57 NY2d 992).

The State of New York is wholly immune from suit unless it expressly consents to a waiver of its sovereign immunity. (*Niagara Falls Power Co. v White,* 292 NY 472, 478.) It has consented to the maintenance of certain actions against it (NY Const, art VI, § 9), but jurisdiction over such actions lies exclusively with the Court of Claims. (*Glassman v Glassman,* 309 NY, at p 440.) Among the claims to which the State has consented are those involving "a claim of any person [or] corporation * * * against the state * * * for the torts of its officers or employees while acting as such officers or employees" (Court of Claims Act § 9 [2]). Since the Clerk is sued here for negligence in the performance of his official duties as a State officer, this suit thus falls directly within the exclusive jurisdiction of the Court of Claims. (*Automated Ticket Sys. v Quinn,* 90 AD2d 738, 739.)

In light of our determination that the Supreme Court did not have subject matter jurisdiction over this claim, we do not reach the merits of the second ground upon which the County Clerk moved for dismissal, namely, sovereign immunity.

Accordingly, the order of the Supreme Court, New York County (Alfred M. Ascione, J.), entered January 15, 1985, which denied the motion of defendant Clerk of New York County to dismiss the complaint against him, should be reversed, on the law, without costs or disbursements, and the motion granted.

CARRO, FEIN, MILONAS and ELLERIN, JJ., concur.

Order, Supreme Court, New York County, entered on January 15, 1985, unanimously reversed, on the law, without costs and without disbursements.