OPINION OF THE COURT
Donald J. Corbett, Jr., J.
The claimant alleges, as the gravamen of his cause of action, the negligence of the Clerk of Monroe County in failing to timely enter a properly filed notice of Federal tax lien in the lien docket book as required by statute (Real Property Law § 291). As the consequence of the Clerk’s failure to timely docket the lien, claimant asserts damages in his purchase of real property which is now subject to this late-docketed lien.
The Federal tax lien was delivered to and received by the Monroe County Clerk’s office. Thereafter claimant purchased his real property without knowledge of this lien, which had not been timely docketed as of the purchase date. Sometime subsequent thereto, the Clerk docketed the lien, and now claimant avers that he has suffered or will suffer a measurable financial detriment as the result of this alleged negligence.
The defendant alleges an absence of jurisdiction. It asserts that the act of a County Clerk as a local elected county officer in filing a Federal tax lien is a county-related municipal function. In disputing liability the defendant advances the proposition that no State function was failed to be performed in this particular situation, and further contends that the County Clerk did not act as a State judicial officer.
The claimant hangs his jurisdictional hat upon the clothes hook of Ashland Equities Co. v Clerk of N. Y. County (110 *1074 AD2d 60) where the court in a well-reasoned opinion differentiated between the dual functions of a County Clerk when acting (1) as a State judicial officer pursuing duties as the Clerk of the Supreme or County Court and (2) as a county officer pursuant to constitutional mandates. The filing of a lis pendens occurs generally only after a civil action has been commenced (CPLR 6501, 6511 [a]) in a court, a circumstance not consistent with the facts herein. The filing of general documents, of which a Federal tax lien is but one, is a duty ministerial in nature for the register and recorder of official records, and is a county function only.
Even granting claimant a most liberal and expansive reading of the alleged nonfeasance herein, the failure to timely docket a proper tax lien, simply cannot be included within the penumbra of a County Clerk’s limited role as a State judicial officer. Nothing within Ashland Equities (supra) leads me to the contrary conclusion (cf. Baccari v De Santi, 70 AD2d 198, 203).
Even accepting arguendo the finding in Ashland Equities (supra) that the entering of a lis pendens is within the scope of a County Clerk’s function as a State judicial officer, I note that the Legislature may well have evinced a contrary intention by differentiating between those fees payable to County Clerks as clerks of court (CPLR 8020) and other than as clerks of court (CPLR 8021), particularly for the filing of a notice of pendency (CPLR 8021 [a] [12]).
Nonetheless, no degree of extrapolation can transform the County Clerk’s function in filing and indexing a Federal tax lien (CPLR 8021 [a] [13]; [g]) into a State judicial officer’s capacity. Accordingly, I find unpersuasive claimant’s attempt to assign liability to the State of New York for the putative negligence of the Clerk of Monroe County in having failed to properly file and index the Federal tax lien.
The State’s motion to dismiss the claim herein is granted.