Albert F. Seca, Esq. Counsel, County Clerk of New York County
You have asked whether county clerks in counties within New York City are entitled to defense and indemnification under Public Officers Law, §17 when they are sued in connection with the performance of official functions which are essentially "local" in character.
Section 17 provides for defense and indemnification of persons in the service of the State for acts or omissions occurring in the scope of their employment.
Unlike county clerks in counties outside New York City who are elected by voters of the county (County Law, § 400), county clerks in the five counties of New York City are appointed by the Appellate Division covering their respective counties (NY Const, Art XIII, § 13). In contrast with their upstate brethren, county clerks in counties within the City of New York have been given more court-related duties, while some of the traditional duties of county clerks, such as the recording function, have devolved upon officers of the City (Ashland EquitiesCompany v Clerk of New York County, 110 A.D.2d 60, 63 [1st Dept, 1985]; County Law, § 909). Their primary function now is to serve as clerk of the Supreme Court within their counties (ibid.). In this capacity, they are State officers (id., p 61; see Olmstead v Meahl, 219 N.Y. 270
[1916]).
At the same time, however, county clerks in the City of New York "shall have such other powers and duties as shall be prescribed by the city from time to time by local law" (NY Const, Art XIII, § 13[a]). It has been held that insofar as they are required to perform additional duties, not related to their function as clerk of the Supreme Court, they serve a dual role as State and local officers (Ashland Equities, supra, p 61; seeOlmstead v Meahl, supra). The "basic dichotomy" of the county clerk's role remains; they have "by no means ceased to carry out local functions . . ." (Ashland Equities, supra, pp 62-63).
Moreover, the Appellate Division's ultimate conclusion in AshlandEquities, that the filing of a lis pendens is a court-related, and hence, a State function, actionable only in the Court of Claims, was necessitated by the court's recognition of the clerk's dual role. Had the court found that the clerk's status as a State officer covered the performance of all his statutory duties, further consideration of the nature of the lis pendens would have been unnecessary (but cf., Durante vEvans, 94 A.D.2d 141 [3d Dept, 1983]).
Thus, it appears that the office of county clerk in the City of New York is a hybrid, consisting on the one hand of the traditional local duties of county clerks and those additional duties added by local law of the City of New York, and on the other hand, of the duties associated with its primary role as clerk of the Supreme Court. In our view, this dichotomy of functions justifies a division of responsibility for purposes of defense and indemnification. As to the traditional local functions, county clerks in New York City are no different from county clerks upstate. Like their upstate counterparts, the responsibility for defense and indemnification should be a local one. With respect to their duties as clerks of the Supreme Court, however, they are in the service of the State and, therefore, are covered by section 17 of the Public Officers Law (§ 17[1][a]; Ashland Equities, supra, p 61).
We conclude that county clerks in counties within the City of New York are entitled to defense and indemnification under Public Officers Law, § 17 in actions arising out of their extensive duties as clerks of the Supreme Court. There is no such coverage, however, in relation to actions arising from the performance of other "local" functions.