■ Benjamin Morell, as Administrator of the Estate of Rebecca Morell, Deceased, Respondent, v Govindan R. Balasubramanian et al., Appellants.

Due to her severe and disabling rheumatoid arthritis, in June 1981, Mrs. Rebecca Morell (Mrs. Morell) was referred to the Arthritis Unit of Helen Hayes Hospital (Hospital). This Hospital is a State institution.

During the period from June 1981 to February 1, 1982, Mrs. Morell was treated in this State Hospital by Doctors Govindan R. Balasubramanian (Dr. Balasubramanian), Alfred Becker (Dr. Becker), Louis U. Bigliani (Dr. Bigliani), Howard S. Blank (Dr. Blank), Melvin P. Rosenwasser (Dr. Rosenwasser), and Darshan Sidhu (Dr. Sidhu), who were all State employees.

Mrs. Morell died on February 1, 1982, and, thereafter, Mr. Benjamin Morell (Mr. Morell), was issued limited letters of administration as administrator of his wife's estate.

In October 1983, Mr. Morell commenced, on behalf of the estate and himself, two medical malpractice actions. One of the actions was brought in the Court of Claims against the State, and the other one was brought in the Supreme Court, New York County, against Drs. Balasubramanian, Becker, Bigliani, Blank, Rosenwasser, and Sidhu. Both actions sought to recover money damages for, *inter alia,* injuries allegedly suffered by Mrs. Morell as the result of the allegedly negligent medical treatment she received from the defendant doctors, who were acting in their official capacities and within the scope of their employment as State employees when they treated her.

After service of the summons and complaint, the defendant doctors moved, pursuant to CPLR 3211 (a) (2), to dismiss the complaint in the Supreme Court action, upon the ground that

the proper forum is the Court of Claims. Plaintiff opposed. Special Term denied defendants' motion.

We disagree.

Since, as mentioned *supra,* plaintiff brought the action against defendant doctors for actions taken in their official capacities, this action is "in reality, an action against the State * * * and is controlled by the jurisdictional predicates governing such actions" *(Ashland Equities Co. v Clerk of N. Y. County,* 110 AD2d 60, 65 [1st Dept 1985]). In view of the fact that actions against the State can "only be entertained in the Court of Claims (Court of Claims Act, § 9, subd 4)" *(Schaffer v Evans,* 57 NY2d 992, 994 [1982]), the Supreme Court does not have subject matter jurisdiction over the instant matter.

Accordingly, we reverse, grant defendants' motion, and dismiss the complaint. Concur—Kupferman, J. P., Sullivan, Ross, Carro and Asch, JJ.