■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES L. GRIFFIN, Appellant.—Judgment unanimously affirmed (see, People v McRay, 51 NY2d 594; see also, People v Eldridge, 103 AD2d 470). (Appeal from judgment of Erie County Court, Forma, J.—criminal possession of controlled substance, third degree, and another charge.) Present—Callahan, J. P., Doerr, Boomer, Green and Lawton, JJ.

■ CHERIE HASKINS, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 76059.)—Order unanimously affirmed with costs. Memorandum: Claimant filed a claim in the Court of Claims against the State alleging that the Onondaga County Clerk negligently expunged a judgment from its records. The claim alleged that the State, by its agents and employees in the County Clerk's office, docketed a judgment against two joint debtors and that, subsequently, Supreme Court granted an order expunging the judgment against one of the joint debtors. By error, the County Clerk or her employees entered a notation on the docket expunging the judgment against both debtors. The State moved to dismiss the claim, contending that the Onondaga County Clerk is not a State official and she was not acting on behalf of the State when she made the entry on the docket of the judgment. The court denied the motion and we affirm.

CPLR 5019 (b) expressly provides: "When a docketed judgment or the lien thereof is affected in any way by a subsequent order or judgment * * * the clerk of the court in which the judgment was entered shall make an appropriate entry on the docket of the judgment." Thus, when the County Clerk made the entry on the docket in response to the order of Supreme Court, she was acting as a State officer in the performance of her duties as the Clerk of Supreme Court (see, County Law § 525 [1]; Olmstead v Meahl, 219 NY 270, 275; Ashland Equities Co. v Clerk of N. Y. County, 110 AD2d 60, 61-62). (Appeal from order of Court of Claims, Margolis, J.—dismiss claim.)—Present—Callahan, J. P., Doerr, Boomer, Green and Lawton, JJ.