OPINION OF THE COURT
 

 Per Curiam.
 

 Claimant obtained a judgment in Nassau County and filed a copy of the judgment with the County Clerk in Bronx County, where the judgment debtor owned real property. The property, however, was subsequently sold free of the judgment because the Clerk had negligently failed to record it. When the claimant discovered the negligence, it applied to the Court of Claims to file a late notice of claim against the State. The motion was granted as was the claimant’s later motion for summary judgment. The Appellate Division affirmed and we granted the State’s motion for leave to appeal.
 

 The State urges that it should not have been held liable for the Clerk’s negligence because the Clerk was not acting as a State officer when he accepted the judgment for filing.
 

 
 *509
 
 The County Clerk serves both the State and local governments
 
 (Olmsted v Meahl,
 
 219 NY 270). As a clerk of the courts, the County Clerk is a State officer for whom the State is responsible. But when performing general duties the County Clerk acts as a local officer, and the local government must answer for actions taken. In the City of New York, the office of County Clerk is now wholly a part of the Unified Court System
 
 (Durante v Evans,
 
 94 AD2d 141,
 
 affd
 
 62 NY2d 719), but the Clerk still performs some local functions for which the State is not liable
 
 (Ashland Equities Co. v Clerk of N. Y County,
 
 110 AD2d 60). The question as to whether the Clerk should be considered a State or local officer in a suit challenging his conduct depends upon the nature of the act which is the subject of the suit. "The county clerk should not, therefore, be considered as acting in his capacity as a state officer except as he performs acts that are in themselves a part of the judicial system.”
 
 (Olmsted v Meahl, supra,
 
 at 278.)
 

 The State urges that the Clerk was not acting as a clerk of the court when he accepted the judgment for filing. It contends that at this stage the judicial process was complete and the filing of the judgment involved a purely general duty akin to filing a lien or mortgage. This is too narrow a view of the Clerk’s role in the judicial system. The filing of a notice of pendency is part of the judicial process, and the Clerk acts as a State officer in that respect, although the filing may occur before any suit has been commenced
 
 (Ashland Equities Co. v Clerk of N. Y County, supra).
 
 The Clerk also acts as an officer of the court when expunging a judgment which was previously filed
 
 (Haskins v State of New York,
 
 145 AD2d 915). Similarly, filing a judgment is part of the continuing judicial process. As the Court of Claims noted in this case: "It is the very culmination of the law suit and the mechanism through which recovery of the judgment may be obtained.” The fact that the judgment was obtained in the Nassau County Supreme Court and filed with the clerk of the court in Bronx County is not significant. Under the Unified Court System they are but separate parts of a single State-wide Supreme Court (Siegel, NY Prac § 12).
 

 Alternatively, the State argues that the Clerk’s status as a State or local officer with respect to liability for a particular act should depend upon the fees allowed in CPLR 8020 ("County clerks as clerks of court”) and CPLR 8021 ("County clerks other than as clerks of court”). Following this approach,
 
 *510
 
 Clerks would not be acting as court officers with respect to the filing of a judgment (CPLR 8021 [b] [7]); but neither would they be acting as clerks of the court when called upon to file a notice of pendency (CPLR 8021 [a] [10]). This is inconsistent with the functional approach and, in essence, calls for a change in the settled rule. Although the fee schedules may serve as a factor in determining whether the County Clerk was acting as a State or local officer, they were not designed to conclusively establish the liability of the State or local governments for the County Clerk’s actions and should not be given that effect.
 

 Accordingly, the order of the Appellate Division should be affirmed, with costs.
 

 Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur in Per Curiam opinion.
 

 Order affirmed, with costs.