Hon. Richard P. Mills Formal Opinion Commissioner No. 97-F10 Department of Education Education Building Albany, N Y 12234
Dear Commissioner Mills:
You have asked whether district superintendents of schools receive the protections of Public Officers Law § 17, which governs defense and indemnification of state employees, when they are sued in connection with their State duties and responsibilities. Your question pertains to district superintendents of supervisory districts appointed pursuant to Education Law § 2204. A supervisory district is composed of several school districts. Id., § 2201. The district superintendent of a supervisory district also serves as chief executive officer of the district's Board of Cooperative Educational Services ("BOCES"). Your inquiry does not concern the superintendent of an individual school district appointed by a local board of education pursuant to Education Law § 1711, 2503, 2565 or any other provision.
Under the terms and conditions of section 17, State employees are eligible for defense and indemnification. An "employee" is defined in part as "any person holding a position by election, appointment or employment in the service of the state . . . whether or not compensated . . . but shall not include an independent contractor". Upon compliance by the employee with procedural requirements, the State is required to defend the employee or reimburse defense costs in any "civil action or proceeding in any state or federal court arising out of any alleged act or omission which occurred or is alleged in the complaint to have occurred while the employee was acting within the scope of his public employment or duties . . .". Id., § 17(2)(a), (b). A parallel provision provides for indemnification. Id., § 17(3)(a).
Accordingly, the issue is whether a district superintendent of schools is a State employee within the meaning of the statute. We have determined that a district superintendent of a supervisory district has dual roles. The superintendent serves the State as the general supervising officer of each of the supervisory school districts of the State. The superintendent also serves a local function as chief executive officer of the BOCES that governs each of the supervisory districts. Education Law §1950(2); People v. Murphy, ___ A.D.2d ___, 652 N.Y.S.2d 754 (2d Dept 1997). A BOCES is formed "for the purpose of carrying out a program of shared educational services in the schools of the supervisory district and for providing instruction in such special subjects as the commissioner [of Education] may approve". Education Law §1950(1).
The dual State and local roles of the superintendent are reflected in the Education Law. The district superintendent's statutory duties include several functions to be performed for the State Education Department. The superintendent determines school district boundaries, directs boards of education to make necessary repairs or alterations to school district property, conducts in-service conferences, conducts investigations, and takes testimony and reports to the Commissioner in cases on appeal. Id., § 2215(1), (2), (3). The superintendent is authorized to issue subpoenas and take affidavits. Id., § 2215(11), (12).
The superintendent also serves as executive officer of the BOCES board, which performs a wide variety of local functions including preparing budgets, determining what services to provide and contracting. Id., § 1950(2), (4). Among other duties performed for the BOCES, the superintendent makes recommendations on the employment of teachers, supervisors, administrative assistants, clerical help and others to provide services to the schools of the supervisory district. Id., § 1950(4)(e).
The Education Law provides that the district superintendent for each supervisory district is to be appointed by the BOCES of that district, subject to the approval of the Commissioner. Id., § 2204(1), (2). The Education Law also provides that each district superintendent is to receive a specified salary from the State payable by the Commissioner of Education. Id., § 2209(1). The superintendent may receive additional local payments for duties performed on behalf of the BOCES. Id., § 1950(4)(a)(1). The Education Law authorizes the supervisors of the towns that form the supervisory district to increase the salary of the district superintendent. Any such increase is to be funded by a tax on town residents levied by the county board of supervisors. Id., § 2209(2).
The district superintendent is "subject to such regulations and directions" as the Commissioner shall prescribe. Id., § 2216. The Commissioner is authorized to withhold payment of all or part of a district superintendent's salary if the Commissioner finds that the superintendent has persistently neglected to perform an official duty.Id., § 2211. The superintendent may be removed from office at any time upon the affirmative vote of a majority of the members of the BOCES or by the Commissioner pursuant to Education Law § 306. Id., § 2212.
We conclude that a district superintendent of schools is a State employee entitled to the protections of Public Officers Law § 17 in connection with lawsuits that arise out of the performance of the superintendent's State functions. State law provides for the district superintendent to perform specified duties for the State Education Department. The superintendent's salary is paid in part by the Commissioner of Education, who has the authority to withhold salary and to remove a superintendent. The fact that the superintendent also serves local functions does not render section 17 inapplicable. In a prior opinion, we found that county clerks in counties within New York City are entitled to defense and indemnification under the terms of section 17 in actions arising out of their duties as clerks of the Supreme Court. Op Atty Gen (Inf) No. 86-26. We recognized that the county clerks filled dual roles and reasoned that the function of clerk of the Supreme Court constituted State employment even though the clerks also possessed other powers and duties prescribed by local law. We concluded that, notwithstanding their performance of some local functions, the clerks were covered by section 17 while performing State functions. Id.; seealso, National Westminster Bank, USA v. State, 76 N.Y.2d 507 (1990). The same rationale applies here. The statutory provisions cited above make clear that the district superintendent of a supervisory district is a State employee within the coverage of section 17 while carrying out functions for the State Education Department.
Very truly yours,
DENNIS C. VACCO
Attorney General