■ J. ELLROTT EXCAVATING CONTRACTORS, INC., Appellant, v STATE OF NEW YORK, Respondent. [668 NYS2d 766] —Yesawich Jr., J. Appeal from an order of the Court of Claims (McNamara, J.), entered March 31, 1997, which, *inter alia*, dismissed the claim.

In November 1994, claimant filed a notice of a mechanic's lien in the Albany County Clerk's office for septic system repair work it had performed on real property owned by Commercial Properties Association of Key Albany, also known as Keye Albany. While the lien was properly docketed as "Commercial Properties Association of Key Albany a/k/a", the cross reference to "Keye Albany" erroneously was not entered. Thereafter, the property was sold and, because the mechanic's lien was not discovered during the title search, the lien remained unsatisfied.

Claimant subsequently obtained a default judgment against "Commercial Properties Association of Key Albany, a/k/a Keye Albany", but its complaint against the purchasers of the property was dismissed when Supreme Court ruled, *inter alia*, that the improper indexing prevented the purchasers from having constructive notice of the lien. Claimant then commenced the instant action seeking to hold the State liable for the Albany County Clerk's negligent indexing of the lien. Finding that the County Clerk's acceptance of a mechanic's lien for filing is "a purely local function", not one which is undertaken in connection with the Clerk's duties as a State officer, the Court of Claims denied claimant's motion for summary judgment and granted the State's cross motion for dismissal of the claim.

Claimant appeals, asserting that similarities between the filing of a mechanic's lien and the filing of a lis pendens—which has been held to be a duty arising directly from a County Clerk's role as a court clerk (*see, Ashland Equities Co. v Clerk of N. Y. County*, 110 AD2d 60, 65)—require that the indexing of a mechanic's lien be treated in the same fashion. We disagree. A County Clerk will not be deemed to be acting as a State officer except insofar as he or she " 'performs acts that

are in themselves a part of the judicial system' " (*National Westminster Bank v State of New York*, 76 NY2d 507, 509, quoting *Olmsted v Meahl*, 219 NY 270, 278). Unlike a lis pendens, which cannot be filed except in the context of ongoing or imminent litigation (*see*, CPLR 6501; *Ashland Equities Co. v Clerk of N. Y. County*, *supra*, at 64), a mechanic's lien can, and often does, exist in the absence of any related judicial process. Accordingly, the Court of Claims did not err in holding that the docketing of a mechanic's lien is not sufficiently related to court functions to warrant concluding that it is an inherent part of the judicial system (*see*, *Ashland Equities Co. v Clerk of N. Y. County*, *supra*, at 63-64).

Mikoll, J. P., Mercure, Crew III and White, JJ., concur. Ordered that the order is affirmed, without costs.