Daniel M. Wyner Informal Opinion County Attorney No. 2005-8 County of Wayne Office of the County Attorney Wayne County Courthouse 26 Church Street Lyons, New York 14489
Dear Mr. Wyner:
You have asked whether the County may apply its anti-nepotism policy to the appointment of a deputy by the County Clerk, notwithstanding that the Clerk is an elected official and has statutory authority to appoint deputies. If we conclude that state law does not for these reasons prevent application of the County's anti-nepotism policy to the County Clerk's appointment, you have further inquired what remedies are available to the County where the County Clerk appoints a deputy in violation of this policy.
You have advised that when a deputy county clerk recently retired, the County Clerk determined that her sister, who was then employed in the County Clerk's office as a Motor Vehicle License Clerk, was the most qualified person to fill the deputy position, which involved supervision of the Motor Vehicle Department. The County Clerk was advised that such appointment would violate the County's anti-nepotism policy. Further, the appropriate committees of the Wayne County Board of Supervisors refused to issue a waiver of the County's policy with respect to this appointment. You have indicated that the Clerk has maintained that, as an elected official, she has full discretion in appointing deputies. Although the County Clerk has not yet appointed her sister to the position of Deputy County Clerk, she has assigned her the duties of the position.
We conclude that the fact that the County Clerk is an elected official and has authority under state law to appoint deputies does not prevent application of a valid county anti-nepotism policy to her appointment of deputies. We further conclude that the County Board of Supervisors may challenge an appointment in violation of such a policy through specified judicial proceedings.
STATUTORY FRAMEWORK
Authority of County Clerk to Appoint Deputies
The county clerk is an elected official. See County Law § 400(1). Pursuant to County Law § 525, the county clerk acts as register, as well as clerk of the Supreme Court and County Court within the county. County Law § 525(1). The clerk "shall perform such additional and related duties as may be prescribed by law and directed by the board of supervisors." Id. When acting as a clerk of the court, the county clerk is considered a state officer, but in her other general duties the county clerk is considered a local officer. See National Westminster Bank v. New York, 76 N.Y.2d 507,509 (1990); Olmsted v. Meahl, 219 N.Y. 270, 275, 277 (1916).
Pursuant to state statute, the county clerk is required to appoint a deputy county clerk who performs the duties assigned by the clerk and who is authorized to exercise the powers and duties of the office of the county clerk during the clerk's temporary absence or inability. County Law § 526(1). The deputy county clerk also serves as county clerk in the event of a vacancy in that office, until the vacancy is filled. Id. The county clerk may appoint additional deputies "to act generally for and in the place of their principal" as authorized by resolution of the county board of supervisors.[1] Id. § 526(3); see also County Law § 401
(permitting board of supervisors to authorize any county officer to appoint one or more deputies).
The County's Anti-Nepotism Policy
You have advised that Wayne County has established an anti-nepotism policy by resolution of the Board of Supervisors, which provides as follows:
 1. No person shall be hired, transferred, or promoted to a County position which would create a supervisor/subordinate relationship between relatives.
 2. For the purposes of this policy, the term "relatives" shall be defined to include a spouse, parent, step parent, descendant, step son, step daughter, brother, sister, mother-in-law, father-in-law, sister-in-law, brother-in-law, son-in-law, or daughter-in-law.
Wayne County Resolution No. 592-88, as amended by Resolution No. 566-93.
ANALYSIS
A. Application of County Anti-Nepotism Policy to Appointments by an Elected Official
Your initial question is whether the appointment of a deputy by the County Clerk is exempt under state law from application of the County's anti-nepotism policy because the Clerk is an elected official with specific authority to appoint deputies.
Clearly, the statute governing the appointment of deputy county clerks vests the appointment power with the Clerk, as opposed to any other county official. See County Law § 526(1), (3). Nothing in that statute limits the Clerk's discretion with respect to whom she may appoint as a deputy, or requires that the appointment be approved by the county legislature. On the other hand, the statute does not expressly vest the Clerk with unfettered discretion in exercising her appointment power, or exempt the Clerk from applicable statutes or rules that may limit an official's appointment authority.
Thus, notwithstanding that the Clerk is an elected official whose appointments are not subject to approval or consent by other officials, we believe her appointment authority is subject to other applicable rules governing municipal appointments. For example, the Clerk's discretion in appointing deputies would not authorize a violation of the common law rule against incompatibility of office. Consistently with that view, we have held that an individual may not serve as deputy county clerk and hold another incompatible position. See 1975 Op. Att'y Gen. (Inf.) 93 (positions of deputy county clerk and elected village justice are incompatible); 1960 Op. Att'y Gen. (Inf.) 87 (positions of full-time deputy county clerk and part-time deputy sheriff are incompatible). We see no reason why the appointment of a deputy by the County Clerk should not, for like reason, be subject to a generally-applicable county anti-nepotism policy. Notably, in appointing deputies the County Clerk is acting as a county officer, see Olmstead v. Meahl, 219 N.Y. at 278 (taxpayer action lies against county clerk as county official regarding alleged illegal appointment of a special deputy)[2], and for this reason, the appointment should be subject to applicable local rules governing official appointments.
We thus conclude that the fact that the County Clerk is an elected official and has statutory authority to appoint her deputies does not under state law exempt her appointment of deputies from an otherwise valid county anti-nepotism policy.[3]
 B.Remedies Available to County If Elected Official AppointsSubordinate in Violation of County Policy
You have also inquired as to the remedies available to the County in the event the County Clerk appoints a deputy in violation of the County's anti-nepotism policy. This question is premature inasmuch as you have indicated that no such appointment has yet been made. However, in a subsequent telephone conversation, you indicated that the issue of what action the County Board of Supervisors may take when it believes an elected county official has acted in violation of state or local law has arisen in other factual contexts, and that guidance on the issue will be of assistance to the County in future situations as well.
Your question presents the issue whether the County Board of Supervisors, the elective legislative body of the County, has authority under state law to discipline or remove other elected county officials. We are not aware of any state statute that vests a county legislature with authority to discipline or remove other elected county officials. See1972 Op. Att'y Gen. (Inf.) 278 (county executive has no authority to remove or suspend an elected county official). However, the Board of Supervisors may be able to bring an article 78 proceeding or declaratory judgment action in its official capacity to challenge the conduct of an elected county official. See, e.g., Matter of City of New York v. CityCivil Serv. Comm'n, 60 N.Y.2d 436, 440 (1983) (city personnel director has standing to bring article 78 proceeding to challenge administrative determinations of city civil service commission);Gaffney v. Suffolk County Legislature, 267 A.D.2d 198 (2d Dep't 1999) (county executive has standing to bring declaratory judgment action against county legislature challenging budget resolutions). Members of the County Board of Supervisors may also be able to bring a taxpayer action in their individual capacities under General Municipal Law § 51 if they satisfy the standing requirements of that statute. See General Municipal Law § 51
(authorizing actions by qualified taxpayers against local officers to prevent illegal official conduct, or to prevent waste or injury to the property or funds of the municipality); Olmstead v. Meahl,219 N.Y. at 278 (taxpayer action lies against county clerk regarding appointment of a special deputy in violation of Civil Service Law).
We thus conclude that the fact that the County Clerk is an elected official with statutory authority to appoint deputies does not under state law preclude application of the County's anti-nepotism policy to the appointment of deputies by the Clerk, and that the County Board of Supervisors may challenge the conduct of another elected county official through specified judicial proceedings.
The Attorney General issues formal opinions only to officers and departments of state government. Thus, this is an informal opinion rendered to assist you in advising the municipality you represent.
Very truly yours,
LAURA ETLINGER Assistant Solicitor General
In Charge of Opinions
[1] The authority to appoint deputy county clerks whose duties primarily involve court matters rests with the Chief Administrative Judge of the Unified Court System, rather than with the county clerk. See Bartlett v. Evans, 110 A.D.2d 612, 613 (2d Dep't 1985); see also 1980 Op. Att'y Gen. (Inf.) 180 (deputy county clerks who work exclusively or primarily on court matters are subject to appointing authority of Chief Administrator of Courts, while those who work exclusively or primarily on county matters are subject to appointing authority of county clerk). With respect to your inquiry, there is no question as to the Clerk's general authority to fill the deputy position at issue.
[2] Insofar as Olmstead involved the appointment by the county clerk of special deputies who serve as court clerks, its holding has been abrogated by the constitutional amendments that have been construed as vesting such appointment authority in the Chief Administrative Judge. See Durante v. Evans, 94 A.D.2d at 146. However, the conclusion that appointments by the county clerk of deputies who primarily perform non-court duties are made by the clerk as a local officer is not affected by these constitutional amendments.
[3] You have not asked us to review the authority of the County to enact an anti-nepotism policy and we do not address that issue. Nor do we address how such a policy may be applied to appointments and promotions in the competitive civil service. Cf. Civil Service § 61 (requiring appointment of one of three highest candidates on eligible list for appointments and promotions in the competitive class).